IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| **DEONTE JAMES,** *Plaintiff,* v. **CUYAHOGA COUNTY**, et al. *Defendants.* | Case No. 1:21-cv-1958 <br><br> Judge J. Philip Calabrese <br><br> Magistrate Judge Jonathan D. Greenberg |
|---|---|

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT CUYAHOGA COUNTY TO PRODUCE USE-OF-FORCE VIDEOS AND REMOVE CONFIDENTIALITY DESIGNATIONS FROM PUBLIC RECORDS**

Mr. James respectfully submits that Defendant Cuyahoga County failed to carry its burden in opposition and that his motion should be granted.

**ARGUMENT**

**I.  Defendant Cuyahoga County should be compelled to produce the requested videos.**

**A.  The County failed to refute Plaintiff's showing that the requests are not proportional.**

Defendant Cuyahoga County failed to *argue* that producing the videos would present an undue burden—let alone present *evidence* to establish undue burden, as required by law. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410 (N.D. Ohio Jan. 24, 2011); *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

**B.  The County failed to refute Plaintiff's showing that the requests sought relevant information.**

Defendant Cuyahoga County urges, without legal citation, that Plaintiff should have provided substantive analysis of each of the incident reports for which video is requested to show that the as-yet-unproduced videos are relevant to Plaintiff's *Monell* claims. *See* Compl., ECF No. 1, ¶¶ 425–44. But the County itself selected and produced

the referenced incident reports as responsive to Plaintiff's Requests Nos. 1 and 5 (seeking reports and videos for uses of force against individuals in the mental-health unit or when restrained). ECF No. 22 at 4. The County offers no explanation for why these videos would not be relevant and responsive when it voluntarily produced the reports for the same incidents. Nor does the County offer support for its effort to graft additional requirements onto the law governing relevance and discoverability of *Monell* evidence. *Simpkins v. Boyd Cty. Fiscal Court*, 48 F.4th 440, 457 (6th Cir. 2022) ("No caselaw within our circuit requires the production of evidence of almost identical conduct").

The County also contends that the requested videos are not relevant to Plaintiff's *Monell* claims for customs of excessive force against individuals with mental illness or restrained individuals based on misstatements about the uses of force against Mr. James, which were made without citations to evidence. To assist the Court with its review of the incident videos, Plaintiff offers the attached video exhibits, which are clips of the relevant portions of the videos provided by the County on December 9, 2022, as follows:

| Exhibit | Incident Date | Complaint Allegations | Original Video File Name | Segment of Original Video Included in Exhibit |
|---|---|---|---|---|
| A | October 18, 2019 | ECF No. 1, ¶¶ 77–92 | JAMES, DEONTE_SO#0279537_Body Cam_2019.10.18 | 7:00 – 11:45 |
| B | October 27, 2019 | ECF No. 1, ¶ 105 | 10_27_2019 7_41_59 PM (UTC-04_00)_ 7th Floor Cabinet Back | 2:54 – 3:36 |
| C | October 27, 2019 | ECF No. 1, ¶ 106 | JAMES, DEONTE_SO#0279537_Body Cam_2019.10.27 | 0:27 – 1:35 |
| D | October 27, 2019 | ECF No. 1, ¶ 106 | _Extraction_1_1_James_Deonte_0 279537 _10-25 | 0:32 – 1:43 |

| Exhibit | Incident Date | Complaint Allegations | Original Video File Name | Segment of Original Video Included in Exhibit |
|---------|---------------|----------------------|--------------------------|----------------------------------------------|
| E | October 27, 2019 | ECF No. 1, ¶¶ 107–22 | JAMES_DEONTE _DEONTE_R_SO_0279537_2019. 10.27 | 10:22 – 13:40 |
| F | October 27, 2019 | ECF No. 1, ¶¶ 107–22 | _Extraction_1_1_James_Deonte_0 279537 _10-25 | 10:26 – 13:53 |
| G | October 27, 2019 | ECF No. 1, ¶¶ 107–22 | 10_27_2019 7_41_59 PM (UTC-04_00)_6th Floor Narcotics Left | 10:43 – 14:07 |
| H | October 27, 2019 | ECF No. 1, ¶¶ 107–22 | 10_27_2019 7_41_59 PM (UTC-04_00)_ 6th Floor Narcotics Back | 10:42 – 14:06 |

Relevance centers on the legal standards governing the action. Fed. R. Evid. 401. Mr. James has made excessive-force claims. The videos, which substantiate the allegations of the Complaint and contradict the County's uncited assertions in its response, demonstrate that the Defendant officers' uses of force were excessive under the "objective reasonableness" standard of *Kingsley v. Hendrickson*, 576 U.S. 389, 392 (2015) for force against pretrial detainees. Officers, like the Defendant officers, interacting with detainees with diminished mental capacity must consider this diminished capacity before deciding whether to use force—and how much force to use. *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 904 (6th Cir. 2004) ("The diminished capacity of an unarmed detainee must be taken into account when assessing the amount of force exerted"); *Martin v. City of Broadview Heights*, 712 F.3d 951, 962 (6th Cir. 2013) ("*Champion* required the officers to de-escalate the situation and adjust the application of force downward.").

Likewise, the Sixth Circuit has consistently held that applying force after restraining or subduing a detainee—as Defendants Bodeker and Barthany did to Mr. James on October 27, 2019—is objectively unreasonable. *Champion*, 380 F.3d at 902; *Phelps*

*v. Coy*, 286 F.3d 295, 301 (6th Cir. 2002) (no reasonable officer would believe there was a government interest in using force against neutralized detainee); *Adams v. Metiva*, 31 F.3d 375, 387 (6th Cir. 1994) (a reasonable officer "would know that spraying mace on a blinded and incapacitated person…would violate the right to be free from excessive force"); *Young v. Kent Cty. Sheriff's Dep't*, Case No. 21-1222, 2022 WL 94990 at *5 (6th Cir. 2022) (it was clearly established in February 2019 that "using a chemical agent on a subdued, partially incapacitated detainee who did not comply with officer's orders would amount to constitutionally excessive force").

Further, a detainee's passive resistance does not justify using force. *Hodge v. Blount Cty., Tenn.*, 783 F. App'x 584, 586–88 (6th Cir. 2019) (citing *Champion* and *Martin* to hold that level of force used against passively resisting person with diminished capacity was excessive); *Guy v. Metro. Gov't of Nashville & Davidson Cty.*, 687 F. App'x 471, 476 (6th Cir. 2017) (holding, under more stringent Eighth Amendment standard, that officer used excessive force when pepper spraying inmate who passively resisted by stopping and turning to face officer during escort).

**II. Defendant Cuyahoga County must remove the confidentiality designations to CC000955–7488 and the use-of-force videos.**

The County has failed to support its contention that the use-of-force reports and videos are subject to the Protective Order, ECF No. 11. The County did not dispute Plaintiff's evidence that it provides these types of records in response to public-records requests—and that it has provided some of the records requested here in response to a public-records request. *See* ECF No. 21-2 at 4, ¶¶ 45–48.

Instead, the County urges that these records contain social security numbers and nudity. But, under the Ohio Public Records Act, the limited redactions required for this information do not change the character of these public-record incident reports and videos. To the extent that the videos contain exempted information, the County should make redactions and produce the videos as set forth in Ohio Rev. Code § 149.43(B)(1). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Ofc.*, 163 Ohio St. 3d 337, 2020-Ohio-5371, 170 N.E. 3d 768, ¶ 73 ("If a video is not exempt in its entirety, those portions that are exempt may be withheld by redaction, but the remainder must be released"); *State ex rel. Rogers v. Dep't of Rehab. and Corr.*, 155 Ohio St. 3d 545, 2018-Ohio-5111, 122 N.E. 3d 1208, ¶¶ 1, 41 (granting writ of mandamus compelling disclosure of use-of-force video from corrections facility).

The County's argument about "sensitive medical information" misconstrues the relevant exemption. The Act exempts "medical records," not "sensitive medical information" from the definition of public records. A "medical record" is a document that pertains to "the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment." Ohio Rev. Code § 149.43(A)(3). Records that "touch upon" an individual's medical history but are not generated and maintained in the process of medical treatment are not "medical records" under the Act. *State v. ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St. 3d 149, 2012-Ohio-115, 962 N.E. 2d 297, ¶ 42. Use-of-force reports and videos are not "generated and maintained in the process of medical treatment." They are

generated and maintained to promote the precise type of government accountability Mr. James seeks in this case.

## Conclusion

For the reasons stated above and in the original memorandum in support, Plaintiff Deonte James respectfully asks that the Court enter an order compelling Defendant Cuyahoga County to produce the videos of the incidents identified in Plaintiff's counsel's May 19, 2022 letter or an explanation for why the videos do not exist. Plaintiff further requests that the Court order that the use-of-force reports (that the County produced as CC000955–7488) and the videos produced November 16, 2022 are public records and thus not appropriately designated as "confidential" under the Protective Order. Finally, Plaintiff requests that the Court order the County to provide these public records with the limited redactions for social security numbers and nudity within a reasonable time.

Dated: December 9, 2022   Respectfully submitted,

/s/ Jessica S. Savoie
Ashlie Case Sletvold (0079477)
Jessica S. Savoie (0099330)
**Peiffer, Wolf, Carr, Kane**
 **Conway & Wise, LLP**
6370 SOM Center Road, Suite 108
Cleveland, Ohio 44139
(216) 589-9280
asletvold@peifferwolf.com
jsavoie@peifferwolf.com

*Counsel for Plaintiff Deonte James*