**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DEONTE JAMES,** <br><br> *Plaintiff,* <br><br> v. <br><br> **CUYAHOGA COUNTY**, et al. <br><br> *Defendants.* | Case No. 1:21-cv-1958 <br><br> Judge J. Philip Calabrese <br><br> Magistrate Judge Jonathan D. Greenberg |
| **MOTION FOR SANCTIONS AGAINST ATTORNEY DAVID LAMBERT FOR VIOLATION OF FED. R. CIV. P. 11** | |

Defendant Cuyahoga County's lead counsel, David Lambert, has violated Fed. R. Civ. P. 11(b). Plaintiff respectfully requests that the Court impose an appropriate sanction, including but not limited to an award of Plaintiff's attorneys' fees for responding to Mr. Lambert's improper conduct.

## FACTS

I.  **Attorney David Lambert, on behalf of Defendant Cuyahoga County, filed motions to disqualify and stay based on long-known facts for the admitted purpose of delaying the January 27, 2023 hearing on Plaintiff's entitlement to fees under Fed. R. Civ. P. 37(a)(5)(A).**

   A.  **Mr. Lambert filed the motion to disqualify based on facts he had known for more than nine months and for more than four years.**

The motion to disqualify was predicated on two facts: (1) Attorney J. Philip Calabrese participated in representing the plaintiff class in *Clay v. Cuyahoga County, et al.*, Case No. 1:18-cv-02929 (N.D. Ohio) from December 20, 2018 until July 8, 2019 (*see* current case, ECF No. 33 at 17–19) and (2) the Court issued an opinion and order on April 21, 2022 that contained the following language:

> Since 2018, more than twelve detainees have died at the Cuyahoga County jail, numerous others have suffered serious injury, conditions remain deplorable, and significant litigation continues in State and federal court to determine the legal consequences and responsibility, if any, relating to maladministration at the jail. Public discourse places the moral and political blame for this situation at the feet of Cuyahoga County Executive Armond Budish and his administration. But there is plenty of blame to go around.

ECF No. 33 at 7 (citing *Brack v. Budish*, 599 F. Supp. 3d 607, 611 (N.D. Ohio Apr. 21, 2022)).

Mr. Lambert knew who represented the plaintiff class in *Clay* since the case was filed on December 20, 2018—more than four years before Mr. Lambert moved to disqualify in this case. *See* Case No. 1:18-cv-02929 (N.D. Ohio), ECF No. 1. Mr. Lambert was counsel for Cuyahoga County in *Clay* and personally negotiated with Attorney Calabrese during the latter's brief involvement with the case. *See id.*, ECF No. 39; *see* current case, ECF No. 37-1, Trans. Jan. 27, 2023 hearing, 15:1–4.

And Mr. Lambert knew about the Court's *Brack* opinion since shortly after it was issued on April 21, 2022—more than nine months before Mr. Lambert moved to disqualify—and admittedly considered seeking the Court's recusal but decided against it. As Mr. Lambert explained in open court: "[w]hen the *Brack* decision was issued, [he] got a lot of calls … people very alarmed about the language in question." Ex. 1, 7:14–16. Mr. Lambert stated that County lawyers and clients "were concerned about it" but he "didn't do anything about it." *Id.*, 7:17–21.

**B.     Mr. Lambert moved to disqualify the night before the January 27 hearing and to stay just 38 minutes before the hearing.**

On January 26, 2023 at 8:21 p.m., the motion to disqualify bearing Mr. Lambert's signature was filed under attorney Janeane Cappara's ECF login.[1] Ex. 1-A; *see* ECF No. 33. Mr. Lambert was not counsel of record for the County. He did not notice his appearance until the following day, January 27, at 10:51 a.m. Ex. 1-B; *see* ECF No. 34. Mr. Lambert then filed (under his own ECF login) the motion to stay at 12:22 p.m. Ex. 1-C; *see* ECF No. 35.

**C.     Mr. Lambert admitted in open court that he filed the motions to delay the hearing on Rule 37(a)(5)(A) fee entitlement.**

At the hearing, Mr. Lambert affirmatively stated: "We would also ask that you do not rule on the discovery motion until you have determined this motion [to disqualify]." Ex. 1, 11:4–6. When the Court requested clarification regarding what the County wanted to stay, Mr. Lambert confirmed that the County wanted to avoid a determination on Rule 37 fee entitlement: "**we're trying to stay the motion for sanctions… Well, I guess I was using the term 'Sanctions.' I guess I was talking about attorneys' fees then**[.]" *Id.*, 11:9–12:3 (emphasis supplied).

**D.     Mr. Lambert offered no explanation for filing these motions shortly before the January 27, 2023 hearing.**

At the January 27, 2023 hearing, Mr. Lambert stated: "And you might say why is this motion being filed at this time[.]" Trans., 7:11–13. Mr. Lambert went on to explain how he "got a lot of calls" when the *Brack* opinion was issued and that he "didn't do anything about it" and then said: "And most recently, however, an

---

[1] Plaintiff has no information regarding why Mr. Lambert filed his motion using Ms. Cappara's ECF login, in violation of Appendix B to the Local Rules, ¶ 13(b), or whether Ms. Cappara authorized Mr. Lambert's improper use of her ECF credentials.

attorney in my office approached me about this case and the discovery dispute that
was taking place and the fact that Your Honor had written an opinion that found—
that granted the plaintiff's motion to compel and that there was going to be a
hearing on sanctions." *Id.*, 7:21–8:2. Mr. Lambert went on: "So I picked up the file
and looked at some of the motions... And then plaintiff went off and decided to
make an appeal to your decision in *Brack*[.]" *Id.*, 8:3–20.

The Court's order granting Plaintiff's motion to compel and setting the
January 27 hearing on fee entitlement under Fed. R. Civ. P. 37(a)(5)(A) (not
sanctions, as the order plainly conveys) was issued December 28, 2022, more than
four weeks before Mr. Lambert filed his motions to disqualify and stay. ECF No. 29.
Plaintiff's citation to *Brack* was in the motion to compel filed November 22, 2022,
more than two months before Mr. Lambert filed these motions. ECF No. 21.

Mr. Lambert raised the issue of his timing again later at the January 27
hearing: "We are not complaining about the decisions that you have made in this
case. So I just want to make that clear. That's not a proper basis to disqualify a
judge … that the Judge ruled against you, and we are not doing that." *Id.*, 28:11–18.
In response, the Court asked: "The timing is curious, though, isn't it?" *Id.*, 28:22–23.
Mr. Lambert answered: "I tried to explain the timing in my remarks, Your Honor,
in that it's not that common that we have a motion for sanctions against our
attorneys." *Id.*, 28:24–29:2. The Court reminded Mr. Lambert that no sanctions
motion was pending. *Id.*, 29:3. Mr. Lambert continued:

> And so when I was involved in this and I saw the
> pleadings that made an appeal to the *Brack* decision, I

> felt that it was the appropriate time to revisit this issue…
> And, unfortunately, it was presented to me in the recent
> past. So I would have preferred that this were brought at
> a different time that would be more germane.

*Id.*, 29:4–7. Mr. Lambert offered no information regarding when he learned that

Plaintiff cited the *Brack* ruling, either in his motion or at the January 27 hearing,

nor why it mattered. *See* ECF No. 33; Trans. Having previously determined not to

seek disqualification based on the *Brack* opinion, Mr. Lambert offered no legitimate

reason why his legal analysis evolved over the intervening months.

### E.     Mr. Lambert made false statements in an effort to resurrect the County's proportionality objection that it failed to brief in opposition to the motion to compel.

In the course of these proceedings, the County has been given two

opportunities to provide evidence that Plaintiff's discovery requests seeking use-of-

force videos presented an "undue burden." The first was October 19, 2022. When the

County moved to bifurcate *Monell* discovery (on the morning of a status conference

when it knew Plaintiff intended to raise *Monell* discovery disputes with the Court),

ECF No. 17, the Court ordered the County to supplement its motion with evidence

of the "effort and expense" of the requested *Monell* discovery, ECF No. 18. Instead of

submitting evidence that the discovery posed an undue burden, the County

withdrew its motion on the deadline to supplement. ECF No. 19.

The second opportunity arose on November 22, 2022. Plaintiff's motion to

compel argued that the two discovery requests at issue seeking use-of-force videos

were proportional to the needs of the case. ECF No. 21-1 at 9–13. The motion also

explained, citing legal authorities, that the County was required to present evidence

of undue burden (not statements of counsel) to substantiate a proportionality objection, which it has not done. *Id.*, 9–10. In opposing Plaintiff's motion, the County made no argument and presented no evidence in favor of sustaining its proportionality objection. ECF No. 22. On reply, Plaintiff noted that the County failed to respond to his arguments regarding proportionality. ECF No. 24 at 1. The Court's order granting the motion to compel noted, as Plaintiff did, that the County's opposition argued only that Plaintiff failed to prove the videos' relevance. ECF No. 29 at 15.

Despite declining to brief the proportionality objection, the County attempted to resurrect it in its opposition to fee entitlement by urging that "the burden and expense … clearly establishes [*sic*] that the burden and expense of this discovery outweighs any likely benefit." ECF No. 30 at 9. The County even criticized the Court's December 28 order as "devoid of any analysis regarding … whether Plaintiff's request is proportional to the needs of this case" despite failing to raise a proportionality argument. *Id*. In response, Plaintiff pointed out in his fee-entitlement submission that the County did not brief its proportionality objection or present supporting evidence, thus waiving the objection. ECF No. 31 at 7–9.

Despite the County's failure to oppose Plaintiff's motion on proportionality grounds, and despite Plaintiff and the Court pointing out that it had failed to do so, Mr. Lambert raised it again in his motion to disqualify and at the January 27 hearing. In his motion, Mr. Lambert argued: "In briefing that issue, *Plaintiff's counsel has urged this Court to reject the County's argument*, claiming, falsely, that

… the County could never claim that locating, reviewing, and producing records—no matter how voluminous—would constitute an undue burden." ECF No. 33 at 5. (Emphasis added.) But the County made no argument on this issue in opposing the motion to compel. ECF No. 22.

Similarly, at the January 27 hearing, Mr. Lambert stated:

> So I picked up the file and looked at some of the motions. And much to my shock and surprise, I saw that the argument that was made by the plaintiffs [*sic*] about why the county was not entitled, as every other litigant in the world is entitled to do, to claim that the discovery requests are unduly burdensome and not proportional to the case, *we made the argument, and the counterargument was,* "Oh, you should keep your records in such a way that retrieving them is never unduly burdensome."

Trans., 8:3–12 (emphasis added). Again, the County did not make any argument regarding undue burden. ECF No. 22. Only Plaintiff argued on this issue, ECF Nos. 21 and 24, and Defendant failed to oppose. ECF No. 22. Further, Plaintiff's briefing did not argue that the County "was not entitled" to object based on proportionality—only that the County could not stand on this objection without presenting supporting evidence of undue burden. ECF No. 21-1 at 9–13. In his haste to jettison the January 27 hearing under Rule 37(a)(5)(A), Mr. Lambert falsely represented the course of these proceedings.

ARGUMENT

I.   **Mr. Lambert violated Fed. R. Civ. P. 11(b) by filing the motions to disqualify and stay.**

Fed. R. Civ. P. 11(b) provides:

> (b)    REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or

unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

When determining whether an attorney has violated Rule 11, the Court applies an objective reasonableness standard to decide whether the attorney's conduct was reasonable under the circumstances. *Kenyon v. Union Home Mortgage Corp.*, 581 F. Supp. 951, 960 (N.D. Ohio Jan. 21, 2022) (citations omitted). The district court retains "wide discretion" regarding whether an attorney's conduct was reasonable at the time the pleading, motion, or other paper was submitted to the Court. *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). An attorney may not claim good faith as a defense to a Rule 11 violation. *Kenyon*, 581 F. Supp. 3d at 961 (citing *Jackson v. Law Firm of O'Hara*, 875 F.2d 1224, 1229 (6th Cir. 1989)).

The purpose Rule 11 serves is "to deter abuse of the legal process by discouraging dilatory or abusive tactics and lessening frivolous claims and defenses." *Munn v. Michigan Bank Port Huron*, 924 F.2d 1058 (table), at *3 (E.D. Mich. Feb. 4, 1991).

Mr. Lambert's conduct in moving to disqualify and stay were not reasonable under the circumstances, making sanctions for his violations of Rule 11(b) necessary.

### A. Mr. Lambert's motion to disqualify was not warranted by existing law or a non-frivolous argument for modifying the law because it was inexplicably untimely.

It is clearly established that motions to disqualify under 28 U.S.C. § 455 must be timely: "one must raise the disqualification of the judge at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 503 F. Supp. 368, 380 (N.D. Ohio Mar. 8, 1980) (citations omitted); *In re Nat'l Prescription Opiate Litig.*, Case No. 19-3935, 2019 WL 7482137, *1 (6th Cir. 2019). This long-standing rule is intended to prevent parties from using disqualification motions to create delay or to "sample the temper of the court" before raising disqualification to forum-shop. *City of Cleveland* at 381 (citations omitted).

The Sixth Circuit strictly construes the "earliest moment" requirement. In *City of Cleveland*, the court denied a recusal motion filed eleven days before trial where the events allegedly showing the Court's bias occurred between one and four years before the motion was filed. *Id.* at 381. In *United States v. Osborne*, 807 F. App'x 511, 518 (6th Cir. 2020), the Sixth Circuit affirmed the denial of a motion to disqualify as untimely where the movants waited "at least a month" after learning of the allegedly disqualification-worthy conduct before filing their motion.

Here, Mr. Lambert sought disqualification under § 455 more than *four years* after knowing that Attorney Calabrese had limited involvement in *Clay* and more

than *nine months* after knowing about the *Brack* opinion language he calls "damning." Further, Mr. Lambert's motion was more than two months after Plaintiff's November 22, 2022 citation to the reported *Brack* opinion. Even if an opposing party's argument were an appropriate basis for seeking disqualification— and it is not—Mr. Lambert's citation to it for disqualification is too late. As an experienced attorney, and as the Chief of the Civil Division of the Cuyahoga County Prosecutor's Office with many subordinate attorneys at his disposal to conduct research, Mr. Lambert surely knew about this clearly established timeliness requirement before filing his motion.

Yet Mr. Lambert ignored the law and filed a § 455 motion long after the earliest moment he learned the facts on which it was based. His decision to file what he knew was a legally unsupported motion to disqualify with respect to the lack of timeliness alone was (at minimum) objectively unreasonable and thus a violation of Fed. R. Civ. P. 11(b).

> **B.     Mr. Lambert filed the motions to disqualify and stay to cause unnecessary delay of the Rule 37(a)(5)(A) fee-entitlement hearing and all other proceedings in this case.**

Mr. Lambert filed the motions to disqualify and stay for an improper purpose: to delay the previously scheduled January 27, 2023 Rule 37(a)(5)(A) hearing. By filing the § 455 motion long after the earliest moment he learned about the facts he cited—in defiance of the black-letter law requiring timeliness—Mr. Lambert demonstrated that his stated bases (concern over *Clay* and *Brack*) were pretextual. Had Mr. Lambert genuinely believed his motion was necessary, he would have filed

it shortly after the case-management conference or shortly after the *Brack* opinion—and no improper purpose would have been apparent.

This untimeliness, coupled with Mr. Lambert's decision to file the motions shortly before a hearing held to determine whether the County would have to pay fees under Rule 37(a)(5)(A), demonstrates Mr. Lambert's purpose to cause unnecessary delay in Mr. James litigating his claims. But the Court need not rely solely upon reasonable inferences to discern Mr. Lambert's purpose: Mr. Lambert admitted in open court that he sought to delay the Court from ruling on Plaintiff's entitlement to fees under Rule 37(a)(5)(A). Ex. 1, 11:4–6; 11:9–12:3.

Mr. Lambert's conduct and failure to explain his timing also illustrate his dilatory intention. He was so eager to move to disqualify on the eve of the January 27 hearing that he failed to first take five minutes to notice his appearance, opting instead to improperly file the motion under his colleague's ECF credentials in violation of the Local Rules.

Further, Mr. Lambert offered no explanation, in his motion or at oral argument, regarding why he filed a motion to disqualify less than 17 hours before a hearing except that Plaintiff's November 22, 2022 motion was "presented to [him] in the recent past." He did not explain what he meant by "recent past." But even if Mr. Lambert first read Plaintiff's motion on January 26, that does not excuse him from the legal requirement to move to disqualify at the earliest moment after learning the grounds nor from his professional obligation to ensure that his motion had a legitimate legal basis.

By filing these motions, Mr. Lambert has accomplished his stated objective: he has delayed Mr. James's right to receive a ruling on whether he is entitled to fees under Fed. R. Civ. P. 37(a)(5)(A). In addition to demonstrably causing prejudice to Mr. James in this manner, he has also sought to prejudice Mr. James by moving to delay *all* proceedings pending resolution of his frivolous disqualification motion and requiring Mr. James's attorneys to spend time attending a hearing and preparing an opposition to his motions to disqualify and stay, thus incurring additional attorneys' fees.

By moving to disqualify a judge instead of seeking to continue or reschedule the hearing, Mr. Lambert has abused the process provided by 28 U.S.C. § 455 and needlessly insulted the Court. Had he asked the undersigned to continue the hearing for a valid reason, Plaintiff would not have opposed a brief continuance. But, as the motion to stay reflects, the County's counsel asked to continue the hearing on January 27 based on the motion to disqualify, which was untimely and meritless.

### C. Mr. Lambert's motion to disqualify and supporting oral argument relied on an unwarranted legal argument regarding the County's previously waived proportionality objections and further demonstrates Mr. Lambert's improper purposes.

Mr. Lambert's attempt to rehash its proportionality objection after twice failing to present the evidence required to sustain it—and failing to brief it at all in opposition to the motion to compel—is legally frivolous. Fed. R. Civ. P. 11(b)(2). That Mr. Lambert relied on false factual statements that the County had briefed

this objection in opposition to Plaintiff's motion further violates Rule 11(b), but this time under subsection (3).

Ostensibly, long-waived arguments on this discovery objection have no place in this motion to disqualify based on *Clay* and *Brack*. Raising these arguments in a § 455 motion, especially at length and using words like "sophistry" to describe Plaintiff's (unopposed) arguments, could only serve two purposes, and both are improper under Rule 11(b)(1): (1) Mr. Lambert intends to express his dissatisfaction with the Court's ruling on the motion to compel with respect to this objection, which he acknowledged at hearing was not a proper basis for his motion to disqualify; or (2) Mr. Lambert intends to harass Plaintiff and/or the Court and increase the costs of litigation by squandering party and judicial resources on a waived issue.

### D. Mr. Lambert's motion to disqualify contained factual contentions demonstrably lacking evidentiary support.

In addition to being frivolous as untimely under the legal standards governing § 455 motions, Mr. Lambert's motion to disqualify lacked factual support. As Mr. Lambert knows, federal judges are presumed impartial, and he had the "substantial burden" to prove the contrary. *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 355 (6th Cir. 2017). Yet Mr. Lambert failed to present any evidence whatsoever that the Court is partial or that the Court has "personal knowledge of disputed evidentiary facts." *U.S. v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005). He did not provide the required affidavit. *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). Nor did he point to a single "disputed evidentiary fact" relevant to the present case of which the Court allegedly has personal knowledge. Plaintiff

incorporates by reference the discussion at his opposition to the motion to disqualify at ECF No. 38, 6–13.

## II. Consistent with the purpose of Rule 11, the Court should impose sanctions to deter Mr. Lambert and others from engaging in similar litigation tactics.

Under Fed. R. Civ. P. 11(c)(4), "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." This may include "nonmonetary directives" or "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*.

Mr. James respectfully asks that the Court order Mr. Lambert to pay his attorneys' fees occasioned by Mr. Lambert's Rule 11 violations, in addition to any other sanctions the Court deems appropriate. By filing his legally unsupported motions to disqualify and stay in violation of Rule 11(b), Mr. Lambert has forced Plaintiff to incur additional attorneys' fees in preparing for and appearing at the January 27 hearing and in responding to these motions. Plaintiff was required to respond to the motion to disqualify to protect his interests against the extensive delays that would result from reassignment, as well as his interest in preventing the County from forum-shopping based on its dissatisfaction with the Court's December 28, 2022 order. Plaintiff had to respond to the motion to stay to avoid delays and to ensure that the Court could still enforce its December 28 order—with which the County still has not fully complied.

Mr. James has a strong interest in completing discovery and trying his case without further unwarranted delays. This case has been pending since October 15,

2021, and Plaintiff still has not received complete responses to his early Rule 34 requests propounded November 24, 2021. Plaintiff would like to timely conclude written discovery so he can take depositions, conduct expert discovery, and file an affirmative dispositive motion. To the extent that the Court deems it appropriate to deter Mr. Lambert, his client, and the attorneys under his direction from further obstructing the progress of this and other litigation in violation of Rule 11, Plaintiff requests that the Court also impose nonmonetary directives, such as an order to complete relevant continuing legal education courses or referring the matter to the Court's Committee on Complaints and Policy Compliance under L.R. 83.7(d).

## Conclusion

Plaintiff Deonte James respectfully asks that the Court issue an order assessing sanctions against Attorney David Lambert to compensate Mr. James for reasonable attorneys' fees for his counsel to appear at the January 27 hearing that should have been on entitlement to fees under Rule 37(a)(5)(A) and to respond to the motions to disqualify and stay. Mr. James further requests any additional nonmonetary sanctions the Court deems appropriate under Fed. R. Civ. P. 11.

Respectfully submitted,

*/s/ Ashlie Case Sletvold*
Ashlie Case Sletvold (0079477)
Jessica S. Savoie (0099330)
**PEIFFER, WOLF, CARR, KANE
  CONWAY & WISE, LLP**
6370 SOM Center Road, Suite 108
Cleveland, Ohio 44139
(216) 589-9280
asletvold@peifferwolf.com
jsavoie@peifferwolf.com

*Counsel for Plaintiff Deonte James*

### CERTIFICATE OF SERVICE

I certify that my office served this Motion for Sanctions Against Attorney David Lambert for Violation of Fed. R. Civ. P. 11 upon David Lambert via certified mail and via email on February 10, 2023.

*/s/ Ashlie Case Sletvold*
Ashlie Case Sletvold (0079477)