## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEONTE JAMES, | ) | CASE NO. 1:21-cv-01958 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | |
| | ) | |
| CUYAHOGA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT CUYAHOGA COUNTY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ATTORNEY DAVID LAMBERT UNDER FED. R. CIV. P. 11 AND TO THE COURT'S SHOW CAUSE ORDER, DATED MARCH 13, 2023**

Defendant Cuyahoga County hereby submits the following Memorandum in Response to the Plaintiff's Motion for Sanctions under Fed.R.Civ.P. 11(b) (Doc.#45) and the Court's Order to Show Cause, dated March 13, 2023 (Doc.#46) on behalf of itself and the attorneys for the County (David Lambert and Janeane Cappara) who filed the Motion to Disqualify on January 26, 2023 (Doc.#33). As set forth in the attached Memorandum, Plaintiff's Motion fails to satisfy the applicable legal standards for the imposition of sanctions against the County or any of its attorneys under Rule 11, Rule 26(g), or the Court's inherent authority.

                                              Respectfully submitted,

                                              */s/ Stephen W. Funk*
                                              Stephen W. Funk (0058506)
                                              ROETZEL & ANDRESS, LPA
                                              222 S. Main Street, Suite 400
                                              Akron, Ohio 44308
                                              Telephone:  330.849.6602
                                              Facsimile:  330.376-4577
                                              E-mail:  sfunk@ralaw.com

                                              *Attorney for Cuyahoga County, Ohio*

**PRELIMINARY STATEMENT**

This Response Brief does not seek to re-argue the merits of the County's Motion to Disqualify or the Court's ruling on the Motion to Compel Discovery. Rather, as directed by the Court's Order, dated March 13, 2023, this Response is solely intended, as the Court has ordered, "to respond to the Plaintiff's motion for sanctions (ECF No. 45)," and for "counsel for Cuyahoga County and the County to show cause why they have not violated Rule 11(b), or alternatively, Rule 26(g)(1)(B)(ii) or the Court's inherent authority for the reasons that are the subject of the Plaintiff's motion for sanctions." (Doc#46, Order, dated 3/13/2023, pp. 1-2, PageID#1109-10). In so doing, this Response will, by necessity, address the arguments raised in the Motion to Disqualify in order to explain why the County's Motion does not warrant the imposition of sanctions.

In this regard, both the County and its attorneys recognize that the filing of a Motion to Disqualify is a serious matter that should not be undertaken lightly or for an improper purpose. Here, the County's Motion to Disqualify was based upon undisputed facts that, at a minimum, raised serious questions about whether the Court should recuse based upon the statutory grounds in 28 U.S.C. § 455. Indeed, while this Court ultimately denied the Motion to Disqualify, it recognized that the Court's prior role as one of the plaintiffs' attorneys in the *Clay* litigation, and its receipt of confidential information about the conditions of the jail as a common pleas court judge, raised issues of enough importance that the Court, on its own initiative, sought the advice of four other district court judges and raised the issues with counsel in the *Roarty-Nugent* and *Brack* cases. (Doc.#37, Hrg. Tr. pp. 14-19, PageID#951-956). Thus, while the Court ultimately decided that it did not need to recuse, it nevertheless invited the attorneys in the *Roarty-Nugent* and *Brack* cases to file a motion if they disagreed, stating that "you are right and your clients are right to raise the issue. I appreciate the sensitivity of that." (*Id.* at 17-18, PageID#954-55).

Given this fact, Plaintiff's Motion for Sanctions does not argue that the substance of the disqualification arguments raised in the Motion to Disqualify were frivolous. Rather, their Motion is focused primarily upon the timing of the Motion to Disqualify, and whether Defendants' attorneys filed the Motion to Disqualify for an "improper purpose" under Rule 11(b)(1). In so doing, however, they fail to cite a single case where the courts have sanctioned attorneys for filing an untimely motion to disqualify, even when the motion is filed on the eve of trial. Indeed, the federal judges that have reviewed sanctions motions in the context of a motion to disqualify have recognized that there is a significant difference between whether a motion to disqualify has merit, and whether the attorney should be sanctioned for challenging a judge's impartiality, explaining that "for obvious reasons, judges need to be specifically cautious in chilling motions to recuse which by necessity must often focus upon the court's own perceived conduct or relationships." See Obert v. Republic Western Ins. Co., 398 F.3d 138, 146 (1st Cir. 2005); see also Clapp v. LeBoeuf, Lamb, Leiby & MacRae, 862 F.Supp. 1050, 1062 (S.D.N.Y. 1994); Lamborn v. Dittmer, 726 F. Supp. 510, 519-520 (S.D.N.Y. 1989). Thus, as the First Circuit explained in *Obert*, even where a motion to disqualify is "without merit" and "had no chance of success," it nevertheless should not be subject to sanctions, particularly given that the "appearance" standard in 28 U.S.C. § 455(a) is "inherently vague," and "judges themselves differ; some recuse only with reluctance, stressing their 'duty to sit,' while others recuse themselves more liberally out an abundance of caution," and that "sometimes a multiplicity of small grounds will persuade even though alone is weak or insufficient." Id. at 146-147.

Sanctions also are inappropriate in this case because the Motion to Disqualify was based primarily on 28 U.S.C. § 455(b), which, as the Sixth Circuit has held, sets forth grounds for disqualification that cannot be waived. See Union Planters Bank v. L & J Dev. Co., 115 F.3d 378,

382 (6th Cir. 1997) ("[d]isqualification arising under § 455(b) cannot be waived by the parties"); *see also Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1080 (6th Cir. 2015); *United States v. Smith*, 775 F.3d 879, 881 (7th Cir. 2015); *Shell Oil Co. v. United States*, 672 F.3d 1283, 1289 (Fed. Cir. 2012); *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220-221 (3d Cir. 2003); *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003); *United States v. Patti*, 337 F.3d 1317, 1322 (11th Cir. 2003). Indeed, under 28 U.S.C. § 455(e), a waiver under Section 455(a) cannot be implicit, but must be expressly made <u>on the record</u> after a full disclosure of the relevant facts, which, may have occurred in *Roarty-Nugent* and *Brack*, but did not occur on the record in this case. *Ragozzine*, 783 F.3d at 1080. Thus, given the plain language of Section 455(e) and the case law discussed above, it was <u>not</u> objectively unreasonable for the County's attorneys to believe that they had not waived the arguments raised in the Motion to Disqualify. *See Salkil v. Mt. Sterling Twp. Police Dep't*, 458 F.3d 520, 530 (6th Cir. 2006) (holding the district "court is expected to avoid using the wisdom of hindsight and should test [counsel's] conduct by inquiring into what was reasonable to believe at the time [counsel acted]") (citations omitted).

Given this prevailing case law, therefore, Plaintiff's Motion for Sanctions generally ignores the waiver issue, and focuses only upon whether the County should be sanctioned because the Motion to Disqualify was "untimely." (Doc.#45, Pl. Mot. pg. 9, PageID#1094). Plaintiff's Motion, however, does not cite a single case where a party has been sanctioned under Rule 11 for filing an untimely motion to disqualify. Moreover, the other three grounds in Sections B, C, and D of the Motion are equally meritless and unsupported by any case law involving the imposition of Rule 11 sanctions. (Doc.#45, Pl. Mot. pp. 11-14, PageID#1096-1099). Accordingly, the Court should deny the Motion for Sanctions under Rule 11, and decline to impose any sanctions under Rule 26(g) and the Court's inherent authority.

3

**LAW AND ARGUMENT**

I.  **THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

"Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a reasonable inquiry discloses [that a] pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 29 (6th Cir. 2012) As the Supreme Court has held, "the central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990). The legal standard for Rule 11 sanctions, therefore, "is narrow, and appropriate only where a claim or motion is patently frivolous." *Gen. Cable Corp. v. Highlander*, 447 F. Supp.2d 879, 894 (S.D. Ohio 2006).

Given this prevailing legal standard, therefore, the federal courts have held that Rule 11 sanctions are inappropriate if the issues "were fairly debatable and not easily resolved," and "[t]here was no clear binding precedent on the issue." *Laborers Loc. 938 Joint Health & Welfare Tr. Fund v. B.R. Starnes Co. of Fla.*, 827 F.2d 1454, 1458 (11th Cir. 1987); *see also Hy-Ko Prod. Co. v. Hillman Grp., Inc.*, No. 5:10 CV 992, 2012 WL 892560, at *6 (N.D. Ohio Mar. 14, 2012) (explaining that Rule 11 should not be used "to intimidate an adversary into withdrawing contentions that are fairly debatable ...") (citing Advisory Comm. Notes to 1993 Amendments to Fed.R.Civ.P. 11). Thus, as this Court has held, "[a]ny request for sanctions should be the last resort for redressing the most egregious misconduct or abuse." *Harrison Prosthetic Cradle Inc. v. Roe Dental Lab'y, Inc.*, 608 F.Supp.3d 541, 551 (N.D. Ohio 2022). A similar statement is set forth on Page 25 of the Court's Standing Order on Civil Procedures. *See* Link to Court's Standing Order on Civil Procedures, dated January 3, 2023.

4

In deciding whether to award Rule 11 sanctions, the Court must apply "an objective standard of reasonableness." *Patterson v. United Healthcare Insurance Co.*, 541 F.Supp.3d 812, 815 (N.D. Ohio 2021) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). "Although a district court is given wide discretion in deciding whether counsel have acted reasonably under the circumstances, '[t]he court is expected to avoid using the wisdom of hindsight and should test [counsel]'s conduct by inquiring what was reasonable to believe at the time [counsel acted].'" *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 530 (6th Cir. 2006) (citations omitted). Thus, in *Salkil*, the Sixth Circuit reversed Rule 11 sanctions against a plaintiff who raised a First Amendment challenge to release-dismissal agreements because "[l]ittle case law exists on this issue, and the case law that does exist is not directly on point," but provided that "the validity of such agreements must be assessed on a case by case basis." *Id.* at 529.

Here, as previously discussed, Plaintiff's Motion for Sanctions does not argue that the substantive grounds in the County's Motion were frivolous. Rather, it argues that sanctions should be awarded because the Motion to Disqualify was (1) "untimely," (2) filed for an "improper purpose," (3) wrongfully sought to re-argue "previously waived proportionality objections," and (4) lacked "evidentiary support." (Doc. #45, Pl. Motion, pp. 10-14, PageID#1095-99). As discussed below, however, none of these arguments are sufficient to justify Rule 11 sanctions.[1]

### A. The Court Should Reject Plaintiff's First Argument That The Motion To Disqualify Was Frivolous Because It Was Not Timely Filed.

The first argument raised by Plaintiff's Motion for Sanctions is based upon the proposition that the Motion to Disqualify was objectively frivolous because it was not timely filed. This

---

[1] We note that Rule 11 sanctions cannot be based upon any grounds that were not specifically identified in Plaintiff's Motion. *Indah v. U.S. S.E.C.*, 661 F.3d 914, 927 (6th Cir. 2011) (district court erred by sanctioning conduct that was not specifically identified in the motion for sanctions).

argument, however, is not supported by any case law. While the Motion cites two unpublished Sixth Circuit opinions and a district court opinion that have held that timeliness is a factor that may be considered in deciding a motion for disqualification, it does not cite any case law that would suggest that it is sanctionable under Rule 11 if a party files an "untimely" motion. Indeed, even though there are some Sixth Circuit cases that have held that timeliness is a factor that should be considered in deciding whether to recuse under 28 U.S.C. § 455(b), the plain language of the statute does not contain any time limits, and expressly provides that that the grounds for disqualification under 28 U.S.C. § 455(b) cannot be waived. *SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 117 (7th Cir. 1977). Moreover, the courts that have held that timeliness is a factor that may be considered in deciding a motion for recusal have not adopted any bright-line rule for determining whether a motion is "timely" filed. *See Polaroid Corp. v. Eastman Kodak Co.*, 867 F.2d 1415, 1418 (Fed. Cir. 1989) ("The passage of time is merely one factor and events preceding the motion require equal if not greater consideration"). Thus, there still are some federal courts that have held that "[a] motion to disqualify a judge under 28 U.S.C. § 455 likely must be considered no matter how belatedly it is made." *Onishi v. Chapleau*, No. 3:19-CV-1048, 2020 WL 2111238, *2 (N.D. Ind. May 4, 2020).

In this regard, the Sixth Circuit has also held that the grounds for disqualification under Section 455(b) cannot be waived, and that a waiver cannot occur under Section 455(a) unless it "is preceded by a full disclosure on the record of the basis for disqualification." *Ragozzine*, 783 F.3d at 1080 (citing 28 U.S.C. § 455(e)). Moreover, as the Sixth Circuit explained in *Ragozzine*, the Judicial Code of Conduct refers to this waiver as "Remittal of Disqualification," and further requires that "the parties and their lawyers have an opportunity to confer outside the presence of the judge, and that all agree in writing or on the record that the judge should not be disqualified."

6

*Id.* (emphasis added). Here, while this Court stated at the January 27th hearing that it made a disclosure in the *Roarty-Nugent* and the *Brack* cases, it did not make a full disclosure on the record in this case, or obtain a waiver in writing or on the record that the judge should not be disqualified. (Doc.#37, Hrg. Tr. pp. 16-20, PageID#953-957). Indeed, there is no case law that suggests that a government entity <u>forever</u> waives the right to file a motion for disqualification in all future cases merely because it failed to object in a prior case before the same judge. Rather, if anything, 28 U.S.C. § 455(e) states that a motion for disqualification under § 455(b) can <u>never</u> be waived, and that a waiver under § 455(a) can occur only if it is waived "on the record," which undoubtedly means that it must be made "on the record" of that particular case, so that it may be reviewed by the appellate courts. *See, e.g., Barksdale v. Emerick,* 853 F.2d 1359, 1361 (6th Cir. 1988) (holding that district judge did not comply with Section 455(a)'s disclosure and waiver requirements, which its plain language, legislative history, and the case law tell us must be strictly construed," and finding that, even though the judge stated that "he disclosed his acquaintanceship with that litigant, . . . we have no information regarding its extent, and [p]laintiff should therefore be given the opportunity to develop a 'full . . . record of the basis for disqualification" in accordance with § 455(e)). Thus, when they filed the motion to disqualify, it was objectively reasonable for the County's attorneys to believe that they had not waived or forfeited the arguments in the Motion.[2]

In any event, the fact remains that Plaintiff's Motion does not cite a single case in which the federal courts have imposed Rule 11 sanctions for filing an untimely motion. Indeed, timeliness is often a factor in filing numerous motions for relief under the Federal Rules of Civil

---

[2] We note that there are no Sixth Circuit cases that has applied the forfeiture doctrine to a motion for disqualification. Although this Court's Opinion cited *Mischler v. Bevin*, 887 F.3d 271 (6th Cir. 2018), for the proposition that "procedural rules apply to disqualification motions," this case did not involve the waiver or forfeiture at all, but involved whether "a non-final order denying recusal may be reviewed in a mandamus proceeding." *Id.* at 271.

7

Procedure, and yet there is little case law that suggests that sanctions should be awarded based solely upon the untimeliness of a motion. In *Enginetec Corp. v. Boutin*, No. 4:08CV985, 2009 WL 10688946, *4 (N.D. Ohio Feb. 13, 2009), for example, the Court denied Rule 11 sanctions, even though plaintiff's counsel "waited until reconsideration of the motion to dismiss to raise the issue of nationwide service under 18 U.S.C. § 1965." *Id.* Yet, notwithstanding the untimely nature of the motion, the Court concluded that the motion was not "frivolous" because it "was premised on law that has been the subject of dispute amongst the circuits," and "there are courts which may have invoked § 1965 under the circumstances set forth by plaintiffs." *Id.*

Similarly, a review of the relevant case law relating to motions to disqualify demonstrates that the federal courts have not imposed Rule 11 sanctions for filing an untimely motion, even if the motion is filed after years of litigation or on the eve of trial. *See Clapp,* 862 F. Supp. at 1062 (law firm partnership not entitled to Rule 11 sanctions against former partner who filed a recusal motion after an adverse ruling on motion for preliminary injunction); *Marshall*, 2018 WL 1138429, at *2, *6-7 (denying Rule 11 sanctions for filing untimely motion to disqualify an attorney that was filed "six weeks before trial" after a "nearly-four year history of the case"); *Am. C.L. Union of Minnesota v. Tarek ibn Ziyad Acad.*, 781 F.Supp.2d 852, 857 (D. Minn. 2011) (denying sanctions for filing motion to disqualify attorneys, even though "the Disqualifiers' motion is extremely weak and the delay in bringing the motion is suspect"). Thus, given this case law, and the lack of any case law in Plaintiff's Motion, the Court should conclude that the first ground – timeliness – is not a legally sufficient basis for imposing Rule 11 sanctions.

> **B.  The Court Should Reject Plaintiff's Second Argument That The Motion To Disqualify Was Filed For An Improper Purpose.**

Plaintiff's second argument challenges whether the motion to disqualify was filed for an "improper purpose," namely, "to delay" the January 27th Hearing. (Doc.#45, Pl. Mot. pg. 10,

8

PageID#1095). In general, "improper purpose" is a "subtle demon, often cloaked behind a mask of sophisticated legal argument" because it is "difficult and requires consideration of the nature and history of the litigation as a whole as well as the instant motion." *Lamborn*, 726 F. Supp. at 520. Indeed, in the context of disqualification motions, it is relatively easy for a party to allege that the Motion was filed "to delay" the proceedings because "the very purpose of a motion to recuse is to secure a different judge." *Obert*, 398 F.3d at 144. Thus, in *Obert*, the First Circuit held that the district court abused its discretion in finding that the motion to disqualify was filed for an improper purpose because there was no "evidence" that "any of the lawyers lacked a belief in the merits of the motion or possessed any purpose other than to secure recusal." *Id.*

Here, Plaintiff's Motion does not cite any evidence to show that the County's attorneys filed the motion to disqualify for any reason, other than the reasons set forth in the Motion to Disqualify itself. While Plaintiff argues that the Motion to Disqualify was filed for an improper purpose because it was filed "in defiance of black-letter law requiring timeliness," this argument is a circular argument because it once again turns upon whether the underlying motion itself was frivolous, which, as discussed above, it was not. A motion to disqualify is a very serious matter that is not filed lightly and, as in *Obert*, it "would have been madness, and not merely foolish, unless counsel believed that it might be granted." *Id.* Thus, if the Court concludes that the motion to disqualify was not frivolous, then it should conclude that it was not filed for an improper purpose, particularly since there is no evidence, as in *Obert*, that "any of the lawyers lacked a belief in the merits of the motion or possessed any purpose other than to secure recusal." *Id.*

In its Rule 11 Motion, Plaintiff also argues that Mr. Lambert should be sanctioned because he allegedly "offered no explanation" for why he filed the motion the day before the hearing. (Doc. #45, Pl. Mot., pg. 11, PageID#1096). This is not correct. At the Hearing, Mr. Lambert provided

9

an explanation about the timing of the motion, which he explained was filed after he "saw the pleadings that made an appeal to the *Brack* decision," and that, after careful consideration, he "felt that it was appropriate time" to file the motion. (Doc.#37, Tr. pp. 7-10, 29, PageID#944-947, 966). Indeed, if the sole reason for why Mr. Lambert decided to file the motion to disqualify was to postpone the January 27th hearing, there would have been better ways to obtain a continuance, other than filing a motion to disqualify, because, if the motion were truly frivolous, "[m]any judges would simply have denied it, explained why it was without merit, and moved on." *Obert*, 398 F.3d at 146. Moreover, even if the Court wanted to take the motion to disqualify under advisement, there was no guarantee that the January 27th Hearing would not go forward, as the mere filing of a motion to disqualify does not necessarily *require* a continuance. Thus, given that the underlying motion to disqualify was not frivolous, the mere tardiness of the motion, standing alone, is not a sufficient ground for finding an improper purpose. *See Marshall*, 2018 WL 1138429, at *6 ("The Court acknowledges the tardiness of the Motion to Disqualify, but that alone does not rise to the level of an 'improper purpose' under the meaning of Rule 11").

Plaintiff's Motion also argues that the motion to disqualify was filed for an improper purpose because Lambert told the Court at the Hearing that he wanted to stay the January 27th Hearing until after the Court ruled on the Motion to Disqualify. Again, this is a circular argument because the County expressly requested in its Motion to Stay the Proceedings that it wanted the Court to stay *all* of the proceedings pending a ruling on the Motion to Disqualify, and this is not a frivolous request under Rule 11. At the Hearing, in fact, Mr. Lambert was <u>not</u> explaining why he filed the Motion to Disqualify. Rather, he was merely answering the Court's factual question about "what is it that you're trying to stay until I'm able to rule on the motion to disqualify." (Doc.#37, Tr. pg. 11, PageID#948). In answering that the Court's question, therefore, Mr. Lambert was not

10

explaining why he filed the Motion to Disqualify, which, as in *Obert*, was filed for the very purpose of requesting that the Court recuse. Rather, he was simply answering the Court's question about what the County wanted to stay, given that the Motion to Stay stated that the County would continue to engage in discovery while the Motion to Disqualify was pending. (*Id.*) Accordingly, contrary to Plaintiff's suggestions, Mr. Lambert's statement at the Hearing does not constitute an "admission" that the Motion to Disqualify was filed for an "improper purpose."

### C. The Plaintiff's Third And Fourth Reasons Presented By Plaintiff's Motion Also Are Insufficient To Justify Rule 11 Sanctions.

Plaintiff's third ground for sanctions is based upon the accusation that David Lambert allegedly made "false statements" in an effort to "resurrect" and "rehash" the "previously waived proportionality objections" at the January 27th Hearing. (Doc.#45, Pl. Mot., pp. 5-7, 12-13, PageID#1090-1092, 1097-1098). This is a meritless allegation that misconstrues Mr. Lambert's statements at the Hearing. Mr. Lambert did not make any "false" statements at the Hearing. The allegedly "false" statement – that Plaintiff's counsel cited the *Brack* opinion in response to the County's undue burden and proportionality argument – is factually correct because *Brack* was cited in Plaintiff's Motion to Compel Discovery *in response to* the County's undue burden and proportionality objections. (Doc.#21-1, Pl. Mem. in Support of Motion to Compel, pp. 9-12, PageID#371-374). Indeed, this Court's Opinion and Order expressly found that the County had raised "relevance and proportionality objections" to the Plaintiff's discovery requests. (Doc.#29, Opinion, pg. 11, PageID#619) (citing ECF No. 21-2, PageID#394 & #396). Thus, Mr. Lambert's statement was actually not a false statement, as Plaintiff alleges.

Plaintiff's Motion also misconstrues the purpose and intent of Mr. Lambert's statement. In mentioning the County's undue burden and proportionality objections at the January 27th Hearing, Mr. Lambert was not attempting to re-argue the merits of the motion to compel. Rather, he was

11

simply explaining the context for how Plaintiff's attorneys were using the *Brack* opinion against the County in this case. (Doc.#37, Tr. pg. 8, PageID#945). In any event, it would not be frivolous or violate Rule 11 to argue the merits of the discovery motion, particularly since one of the purposes of the hearing was to determine whether the County's position on the discovery motion was "substantially justified." (*Id.* at pg. 12, PageID#949). Thus, even if Mr. Lambert was attempting to argue the merits of the discovery motions, it would not have violated Rule 11.

Finally, we note that Plaintiff's accusation that Mr. Lambert made a "false" statement is itself an improper statement because it is wrongfully attempting to create the impression that Mr. Lambert intentionally and knowingly lied in order to mislead the Court. While attorneys often use language like "false" or "untrue" in briefing – when they mean to say "incorrect" or "inaccurate" – they generally should not be accusing opposing counsel of "lying" unless it is supported by evidence beyond a mere factual error or mistake. *Obert*, 398 F.3d at 143. Indeed, in this case, the accusation of an alleged falsehood relates to Lambert's characterization of prior briefing, which, even if inaccurate in some manner, cannot be considered an intentional lie. Accordingly, for this additional reason, the Court should conclude that the Plaintiff's third argument is meritless and does not warrant Rule 11 sanctions. *Id.* (reversing award of Rule 11 sanctions because, even if the statements were "factually inaccurate," they were not a "lie" that was "intentionally false, designed solely to mislead the court").

The fourth ground is equally meritless. It argues that Rule 11 sanctions should be awarded because the Motion to Disqualify lacked any "evidentiary support." (Doc.#45, Pl. Mot. pg. 13, PageID#1098). This is not correct. The Motion to Disqualify was supported by two exhibits and other undisputed facts described in the Motion. Indeed, at the January 27th Hearing and in its March 10th Opinion, the Court did not dispute that it was one of the attorneys listed in the *Clay*

Amended Complaint, and that it "received regular updates from counsel for the county on conditions in the jail." (Doc.#37, Tr. pg. 17, PageID#954). Moreover, it did not dispute that it authored the *Brack* opinion, and that the statements on Page 1 of the Opinion were not based upon any evidence or findings in the *Brack* case. (Doc.#44, Opinion, pp. 11-12, PageID#1062-1063). It simply disagreed with the County about whether these facts required recusal. Thus, it is incorrect for Plaintiff to suggest that the Motion itself lacked any evidentiary support.

In this regard, it appears that Plaintiff's accusation that the Motion to Disqualify lacked "evidentiary support" is based upon a procedural argument that the County failed to file an "Affidavit" in support of the Motion. (Doc.#45, Pl. Mot. pg. 13, PageID#1098). Although Plaintiff is correct that 28 U.S.C. § 144 contains an affidavit requirement, there is no affidavit requirement in 28 U.S.C. § 455. *See Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980) ("There is no particular procedure that a party must follow to obtain judicial disqualification under § 455(a)"). In any event, the fact remains that Plaintiff's Motion fails to cite any cases where Rule 11 sanctions have been imposed for failing to comply with a procedural requirement, particularly where there is Sixth Circuit case law providing that "there is no particular procedure" that must be followed. *Id.*

**II. THE COURT SHOULD NOT IMPOSE SANCTIONS UNDER RULE 26(G) OR BASED UPON ITS INHERENT AUTHORITY.**

In its March 13th Order, the Court also requested that the County address whether the Court should award sanctions under Fed.R.Civ.P. 26(g)(1)(B)(ii), and the Court's inherent authority. Rule 26(g)(1)((B) only applies to a "discovery request, response, or objection," not a motion for disqualification. *Id.* This distinction is reinforced by Fed.R.Civ.P. 11(d), which provides that Rule 11 does not apply to discovery requests, responses, and objections. Even if applicable, however, Rule 26(g)(1)(B)(ii) contains language that is similar to the language in Rule 11(b)(1), and thus should be denied for the same reasons set forth above.

13

Moreover, no sanctions are warranted under the Court's inherent authority because, as this Court recently noted, this legal standard "imposes a higher showing for the imposition of sanctions" than Rule 11. Patterson, 541 F. Supp. 3d at 815 (citing BDT Prod., Inc. v. Lexmark Int'l, Inc., 602 F.3d 742, 752 (6th Cir. 2010)). Thus, the Sixth Circuit has held that "[t]he court's 'inherent powers must be exercised with restraint and discretion,' utilized only when 'the conduct of a party or an attorney is egregious.'" United States ex rel. Tingley v. PNC Fin. Servs. Grp., Inc., 705 F. App'x 342, 344-45 (6th Cir. 2017). Accordingly, if the Court determines that sanctions should not be awarded under Rule 11, it also should decline to impose any sanctions based upon the Court's inherent authority.

**III. PLAINTIFF HAS FAILED TO SATISFY HIS BURDEN TO PROVE THE AMOUNT OF ATTORNEY FEES INCURRED, OR TO DEMONSTRATE WHY SANCTIONS SHOULD BE AWARDED AGAINST THE COUNTY'S ATTORNEYS IN THEIR PERSONAL CAPACITY.**

In its Motion, Plaintiff requests that the Court award sanctions because Plaintiff's attorneys were forced to incur "additional attorneys' fees" in "preparing for and appearing at the January 27 hearing and in responding to these motions." (Doc.#45, Pl. Mot. pg. 14, PageID#1099). Plaintiff's Motion, however, does not present any evidence to quantify the amount of such fees, let alone to demonstrate why the fees incurred in preparing for the January 27th Hearing would have been unnecessary, given that the Hearing was not cancelled, but merely postponed. While Plaintiff may attempt to introduce evidence about the amount or reasonableness of their attorney fees at the April 6th Hearing, this would be improper because the County has the right to respond to any such evidence, and to prepare and present counter evidence at the April 6th Hearing. Thus, given that Plaintiff bears the burden of proof, the County would object to the introduction of any evidence relating to the amount or reasonableness of Plaintiff's attorney fees at the April 6th Hearing.

14

Further, Plaintiff has failed to present any reason why David Lambert and/or Janeane Cappara should be sanctioned <u>personally</u>. Both attorneys are governmental employees who are only acting as attorneys for the County, and should not have their legal careers and personal reputations negatively impacted by the imposition of sanctions against either of them personally. This is particularly true for Janeane Cappara, given that Mr. Lambert explained at the January 27th Hearing that he made the decision in its capacity as the Chief of the Civil Division to file the Motion to Disqualify. (Doc.#37, Tr. pg. 29, PageID#966). Mr. Lambert, however, also should not be sanctioned personally because he also is a governmental employee who did not take any action on his own behalf, but only on behalf of the County. He has a long and unblemished 37-year career as an attorney, and should not have his personal reputation tarnished merely because he filed a motion to disqualify that raised serious grounds that were worthy of due consideration by this Court. *See Obert, 398 F.3d at 143* ("given the substance of the underlying rulings, the reputations of counsel are affected by the findings that individual counsel and their firms violated state ethics rules or Rule 11"). Indeed, it would result in an unnecessary chilling effect on recusal motions if this Court were to sanction Mr. Lambert personally merely because he filed a motion to disqualify that, as he explained at the Hearing, "many attorneys are very reluctant, even fearful, to file" out of fear of retaliation. (Doc.#37, Pl. Mot. pg. 29, PageID#966). Thus, we respectfully request that the Court take all of these factors into consideration in deciding whether to impose sanctions against the County or any of the County's attorneys.

## **CONCLUSION**

For these reasons, the Court should deny Plaintiff's Motion and refrain from imposing any sanctions against the County or its attorneys under Rule 11, Rule 26(g), or the Court's inherent authority.

                Respectfully submitted,

                */s/ Stephen W. Funk*
                Stephen W. Funk (0058506)
                ROETZEL & ANDRESS, LPA
                222 S. Main Street, Suite 400
                Akron, Ohio 44308
                Telephone:  330.849.6602
                E-mail:  sfunk@ralaw.com
                *Attorney for Defendant Cuyahoga County*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2023, a copy of the foregoing Response was electronically filed with the Court.  Notice of this filing was sent to all counsel of record via the Court's electronic filing system.

                *s/ Stephen W. Funk*