## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| DEONTE JAMES, | ) | CASE NO.: 1:21-cv-01958 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | JUDGE: J. PHILLIP CALABRESE |
| vs. | ) |  |
|  | ) |  |
| CUYAHOGA COUNTY, OHIO, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## DECLARATION OF JASON KOSSMAN

I, Jason Kossman, in my capacity as Security Systems Analyst within the Security and Research Group of the Cuyahoga County Department of Information Technology, hereby declare and state as follows:

1. I have been employed by the Cuyahoga County Department of Information Technology since April 16, 2007, initially in the Clerk of Courts, which was assumed by the Cuyahoga County Department of Information Technology in 2012.

2. I am currently employed as a Security Systems Analyst within the Security and Research Group of the Cuyahoga County Department of Information Technology. In this capacity, I have personal knowledge of the facts stated herein.

3. In my capacity as a Security Systems Analyst, I maintain records related to or concerning incidents in the Cuyahoga County Correctional Center ("CCCC") that jail investigators, administrators and law enforcement requests that I preserve. In addition, if a public record request is made for video, I will export and preserve

that video for the Sheriff's Department. Once that video is exported and preserved, I am the custodian of that record.

4.    As Security Systems Analyst within the Security and Research Group of the Cuyahoga County Department of Information Technology, and in connection with the Deonte James matter, I was asked to search the CCCC databases to determine if body camera video and/or surveillance camera video could be located for 60 identified incidents involving 59 inmates as requested by Plaintiff in the context of discovery. A brief description of the databases follows so that you can better understand my review.

***First Generation Body Cameras***

5.    From 2017 through May 2019, the CCCC was using "first generation" body worn cameras which were typically under the "Muvi" brand name. Upon information and belief, during this time, there were limited body cameras available and some, but not all, Sergeants, Corporals or Special Response Team members had access to use body cameras.  A limited number of first generation cameras continued to be used after May 2019, for a short time, while the new Axon Body Camera system was being implemented.

6.    Prior to 2018, body camera footage was managed and stored by the Sheriff on a local external hard drive.  Due to storage size issues, the Sheriff reached out to the Department of IT to migrate/copy the body camera data to Enterprise Network Storage, on a file share referred to as the "V-drive."  The migration of data from the local hard drive to the V-drive occurred from 12/14/2017 to 12/31/2017.

7.     In October of 2022 the V: Drive was taken completely offline and transported/stored in the custody and control of the IT Security Department in November of 2022.  The contents were archived to a separate offline location in order to accommodate future searches with respect to litigation-related discovery or public records requests. The cloned version of the V-drive is used for searches, such as the one requested in this litigation.

*Axon Body Camera System*

8.     On or about May 7, 2019, the County purchased the Axon body camera system.

9.     Body camera footage captured from May 2019 to the present is stored on Evidence.com, a cloud-based storage system, through the Axon BWVC system.

10.    When the Axon body camera is activated in "EVENT" mode, the buffered video (not audio) captured directly before the event, up to thirty seconds before, is saved. Footage from Axon body cameras is then uploaded to Evidence.com, a cloud-based storage system.  The Axon body camera technology is such that once something is recorded, it cannot be removed unless a body camera is broken, which would result in employee discipline, or deleted, which would be revealed through an audit. Corrections users that wear the current AXON body cameras have no way to delete video that has been captured by their body cameras on the camera itself or during or after the upload process. Everything captured is uploaded regardless and there is no direct input needed from the corrections staff unlike the older cameras.

*Milestone Surveillance System*

11.    The Cuyahoga County Corrections Center is equipped – in various areas of the County Jail – with surveillance cameras that record events inside the County Jail

3

as a regular practice in the ordinary course of business. All county security cameras are configured to be on 24/7, however, they are configured to record video only based on motion activity that occurs in view of each camera.

12.      The video recordings are stored on the Milestone Recording Servers and are kept available for playback review & potential exports until storage limits are reached at which time available recorded video is automatically overwritten to make room for new video being captured. The oldest video is always overwritten first going forward.  There is no direct input by users or administrators with this process and it roughly equates to around a 30 day time frame after the incident.

13.      During the relevant time period, from October 2017 to October 2019, however, I often was asked by the Sheriff's Department to pull and preserve surveillance video recordings that showed a use of force incident in the jail.  A copy of the the surveillance video was sent to the jail investigators, and the original was kept and preserved in the Office of the Cuyahoga County Department of Informational Technology.  All of the surveillance videos that were pulled during this time period have been kept and preserved by our office, and have not been deleted or destroyed.

***Deonte James Litigation***

14.      In response to Plaintiff's discovery requests in this case, three searches were conducted for body camera videos and surveillance videos.

15.      In June 2022, I received a request from the Sheriff's Department to search for body camera footage which was conducted by inmate name.

4

16.     In October 2022, I searched for body camera video and surveillance videos using the following: Inmate Full Names; Inmate Number; Incident Date and Incident Location.

17.     In February 2023, I conducted a follow-up search. The February 2023 search criteria for the body camera video included the following: Inmate Full Name; Inmate Last Name Only; Inmate First Name Only; Inmate Number Only; Inmate Number & Incident Date; Inmate Full Name & Inmate Number; Inmate Full Name & Incident Date; Incident Date Only; Incident Location - Building, Floor & Room.

18.     The February 2023 search criteria for surveillance video included the following: Inmate Full Name; Inmate Last Name Only; Inmate Full Name & Inmate Number; Inmate Number Only; Inmate Number & Incident Date; Incident Date Only; Incident Location – Building, Floor & Room.

19.     Out of the list of 59 inmate names and numbers, and 60 incident dates, potential matches for 49 incidents, equaling 184 body camera videos and 12 surveillance videos were found.

20.     I am the custodian of the above-described videos and they will remain preserved.

22.     I understand that copies of the body camera and surveillance videos have previously been produced to the parties through discovery, and contain the camera views electronically tagged as follows in attached Exhibit A.  Aside from noted redactions for nudity and medical treatment, the body camera videos and video surveillance records were not adulterated, modified, or otherwise tampered with and fairly and accurately reflect what was recorded by the video cameras in response to the

5

requests identified in Plaintiff's discovery requests.  Even when redactions are added to security or body camera videos, those redactions are always done on a copy of each video and not the original video file to preserve the integrity of the original video data.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

JASON KOSSMAN, Security Systems Analyst
within the Security and Research Group of the
Cuyahoga County Department of Information
Technology

6