# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| **DEONTE JAMES,** *Plaintiff,* v. **CUYAHOGA COUNTY**, et al. *Defendants.* | Case No. 1:21-cv-1958 <br><br> Judge J. Philip Calabrese <br><br> Magistrate Judge Jonathan D. Greenberg |
|---|---|
| **REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR SANCTIONS AGAINST DAVID LAMBERT (ECF NO. 45) AND RESPONSE TO THE COURT'S SHOW-CAUSE ORDER (ECF NO. 46)** ||

For the reasons set forth below, Plaintiff Deonte James respectfully submits that the Court should assess sanctions against David Lambert and/or Cuyahoga County under Fed. R. Civ. P. 11, Fed. R. Civ. P. 26(g)(3), and the Court's inherent authority to hold both accountable for discovery abuses and violating Court orders and to deter future litigation misconduct to prevent further delays.

## ARGUMENT

**I. The Court should assess Rule 11 sanctions against David Lambert.**

The Court applies an objective standard of reasonableness to determine whether an attorney or party has violated Fed. R. Civ. P. 11. *Patterson v. United Healthcare Ins. Co.*, 541 F. Supp.3d 812, 815 (N.D. Ohio May 24, 2021). "If a district court concludes that Rule 11 has been violated, the court has no discretion and must impose sanctions." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987). *Accord Harrison Prosthetic Cradle Inc., v. Roe Dental Lab., Inc.*, 608 F. Supp. 3d 541 (N.D. Ohio Jun. 17, 2022). Under the record of this case, Mr.

Lambert's conduct in filing the legally unsupported motions to disqualify and stay after learning about the Court's ruling on the motion to compel and on the eve of a fee-entitlement hearing was, at minimum, objectively unreasonable. The County's opposition provided nothing to demonstrate reasonableness. The Court should impose appropriate Rule 11 sanctions.

### A. Mr. Lambert filed the motion to disqualify despite actual or constructive knowledge that its factual contentions were meritless, in violation of Rule 11(b)(3).

Mr. Lambert violated Fed. R. Civ. P. 11(b)(3) because his motion to disqualify made factual allegations that Mr. Lambert either knew or should have known were false. As counsel for Cuyahoga County in *Clay, et al. v. Cuyahoga County, et al.*, Case No. 1:18-cv-02929 (N.D. Ohio 2019), Mr. Lambert has actual knowledge of the following facts that are established in the record of this case: (1) Attorney J. Philip Calabrese "acquired no first-hand knowledge of conditions in the jail and no confidential information" during his involvement in *Clay*, ECF No. 44, PageID #1061; (2) Attorney Calabrese acquired no confidential information during his involvement in *Clay*, and Cuyahoga County "promptly made public any information that it supplied in connection with that case during [Attorney Calabrese's] involvement," *id.*, PageID #1061; (3) Attorney Calabrese's representation "ended before discovery began," *id.*, PageID #1084; and (4) *Clay* involved allegations regarding conditions of confinement, not excessive force (like the present case), *id.*, PageID #1082.

Despite knowledge of these facts, Mr. Lambert accused the Court of having an "appearance of bias" and "personal knowledge of disputed evidentiary facts" due to participation in *Clay*. ECF No. 33, PageID ##703, 712, 719–21; *see also* ECF No. 40,

PageID ##1030–32. But these facts belie the argument, and a reasonable attorney would not make these allegations. Likewise, a reasonable attorney—especially one experienced in defending civil-rights claims—would know that a brief, pre-discovery appearance in a conditions-of-confinement case would not confer the appearance of bias in an excessive-force case involving distinct facts and legal doctrines. *Hudson v. McMillian*, 503 U.S. 1, 11 (1992).

Mr. Lambert, as counsel for the County, had constructive knowledge—if not actual knowledge—of the briefings provided by the County to its Court of Common Pleas judges in 2019 and 2020. The County, on whose behalf the motion to disqualify was filed, had actual knowledge that the briefings were limited to "(1) the Covid-19 pandemic as it bore on the operation of the felony criminal docket; and (2) the County's plans for construction of a new jail at a potential cost of hundreds of millions of dollars and its effects on court operations." ECF No. 44, PageID #1061. Mr. Lambert thus had actual or constructive knowledge (including through his employer/client's records) that these briefings did not confer upon the Court "personal knowledge of disputed evidentiary facts" concerning this case. Yet in Mr. Lambert's reply memorandum in support of his motion, he urged these briefings as a basis for disqualification. ECF No. 40, PageID #1041. Mr. Lambert either knew the briefings had no bearing on this case, or he failed to determine the briefings' content before making the factual allegation. A reasonable attorney representing the County would do neither.

As with Mr. Lambert's misrepresentations that the County had "argued" its

proportionality objection (ECF No. 45 at PageID ##1091–92), these factual misstatements are objectively unreasonable and sanctionable under Rule 11.

> **B.   Mr. Lambert filed the motions to disqualify and stay for improper purposes, including to delay the January 27, 2023 fee-entitlement hearing and to hedge against an adverse ruling, in violation of Rule 11(b)(1).**

Under Fed. R. Civ. P. 11(b)(1), a motion is filed for an improper purpose if filed "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." In the context of 28 U.S.C. § 455, judicial rulings "almost never" provide a proper basis for disqualification motions. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (citing *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)) (citation omitted). Even Mr. Lambert acknowledged that the Court's decisions in this case are "not a proper basis to disqualify." ECF No. 37, PageID #965. Yet the record, including Mr. Lambert's own words, establish that he filed the disqualification and stay motions for improper purposes: (1) to unnecessarily delay these proceedings, including the fee-entitlement hearing, and (2) to forum-shop after receiving an adverse ruling.

The motion to disqualify and accompanying motion to stay were an improper eleventh-hour effort to delay the Rule 37(a)(5)(A) hearing. Mr. Lambert admitted that he sought to delay the fee-entitlement hearing. ECF No. 37, PageID ##948–49.[1] Although Plaintiff's motion pointed out that Mr. Lambert failed to explain why he filed the motion to disqualify less than 17 hours before the fee-entitlement hearing,

---

[1] The County's attempt to distinguish the purpose of the motion to stay from the motion to disqualify, ECF No 49, PageID ##1127–28), is meritless because the motion to stay explicitly asks the Court to stay proceedings pending resolution of the motion to disqualify. ECF No. 35, PageID #935.

ECF No. 45, PageID #1096, Mr. Lambert's opposition failed to explain this specific timing or otherwise rebut the obvious inference that he filed the motion to delay this hearing. *See* ECF No. 49.

Mr. Lambert also filed the disqualification motion for the improper purpose of seeking a new judge after learning about the Court's ruling on Plaintiff's motion to compel. The record supports this conclusion. An objective observer would "note that the County did not raise any ground for disqualification until after an adverse ruling." ECF No. 44, PageID #1084. Indeed, "[o]nly after Cuyahoga County found itself on the wrong side of a ruling on a motion to compel and faced a potential award of fees under Rule 37 did it move for disqualification." *Id.*, PageID #1069. "This record shows that Cuyahoga County held back its arguments on disqualification as a fallback position to hedge against an adverse ruling." *Id.*, PageID #1075.

Here, again, the timing of the motion illustrates improper purpose because the County (and Mr. Lambert) raised no issue "until after the Court compelled it to produce discovery it resisted providing." ECF No. 44, PageID #1074, citing ECF No. 29. As the Court already discerned:

> Even then, the County waited a month to file its motion—until after the close of business the night before a hearing to determine whether an award of fees is appropriate under Rule 37(a). This timing speaks volumes about the reason the County filed its disqualification only after learning that the Court 'granted the plaintiff's motion to compel and that there was going to be a hearing on [attorney's fees and costs].'" ECF No. 37, PageID ##944–45.

Any reasonable person considering these facts would infer that Mr. Lambert filed the motion as a reaction to learning about an adverse result.

Based on the record, Mr. Lambert filed the motion for one or both improper purposes, thus violating Rule 11(b)(1) and requiring the Court to assess sanctions.

### C. Mr. Lambert violated the jurisprudential rule requiring disqualification motions to be timely filed without providing a nonfrivolous argument to excuse this failure, in violation of Rule 11(b)(2).

Under Rule 11(b)(2), Mr. Lambert was required to certify that his legal contentions were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Under existing law governing 28 U.S.C. § 455 disqualification motions, such motions must be timely. *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 503 F. Supp. 368, 380 (N.D. Ohio Mar. 8, 1980) (citations omitted); *In re Nat'l Prescription Opiate Litig.*, Case No. 19-3935, 2019 WL 7482137, *1 (6th Cir. 2019). *United States v. Osborne*, 807 F. App'x 511, 518 (6th Cir. 2020), *In re Detroit*, 828 F.2d 1160, 1167 (6th Cir. 1987); *Goward v. United States*, 569 F. App'x 408, 410–11 (6th Cir. 2014). Mr. Lambert's motion was not filed timely so as to be "warranted by existing law," and he made no argument to extend, modify, or reverse the timeliness rule or otherwise excuse his untimely motion.

In its opposition to the motion for sanctions, the County attempts to impose an artificial distinction between the merits and the timing of the motion to disqualify, insisting that the latter is a mere technicality. *See* ECF No. 49, PageID #1119. But the timeliness of a motion to disqualify cannot be separated from the "merits" because timeliness is required by "existing law" under the Rule 11(b)(2) analysis.

Further, district courts have "wide discretion" under Rule 11 to determine what counts as objectively reasonable "under the circumstances." *Kenyon v. Union Home Mortgage Corp.*, 581 F. Supp. 3d 951, 961 (N.D. Ohio 2022); *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) (citing *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). Timeliness and timing are "circumstances" within this context-dependent Rule 11 analysis.[2]

## II. Under the Court's show-cause order, the Court should assess sanctions against the County and/or its attorneys under Rule 26(g)(1)(B)(ii) and the Court's inherent authority.

Fed. R. Civ. P. 26(g)(1)(B)(ii) requires that an attorney signing a discovery response or objection certifies that, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" a response or objection is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Under Rule 26(g)(3), if this certification "violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."

District courts have "inherent authority to sanction bad-faith conduct." *Kenyon v. Union Home Mortg. Corp.*, No. 1:21-CV-01426, 2022 WL 621552, *2 (N.D. Ohio Mar. 3, 2022) (citing *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (internal citation omitted)). "Federal courts have the inherent power

---

[2] Contrary to Defendant's argument that Plaintiff must cite a case where sanctions have been levied in precisely the same circumstances, district courts have authority and discretion to determine whether an attorney's conduct is objectively reasonable without the need for near-identical precedent. *See Kenyon, supra.*

to impose sanctions to prevent the abuse of the judicial process." *Id.* (quoting *Laukus Rio Brands, Inc.*, 292 F.3d 485, 502 (N.D. Ohio Mar. 11, 2013)). "Where a party litigates in bad faith or for oppressive reasons, a court may invoke its inherent authority to impose sanctions." *Id.* (citing *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (internal citation omitted)).

**A. The County should be sanctioned for its refusal to voluntarily produce any videos, including those not subject to its objections, after advising Plaintiff it would do so for months.**

Defendant Cuyahoga County's unfounded discovery objections, incomplete and untimely responses, and resistance to providing standard *Monell* discovery after promising to do so for 11 months violated Rule 26(g)(1)(B)(ii). The County's conduct in discovery demonstrated improper purposes, including unnecessary delays and increasing litigation costs.

From November 24, 2021 to the present, Plaintiff's counsel has requested the complete video production more than 25 times. ECF No. 31-1, PageID ##656–63, ¶¶ 4–43; ECF No. 21-2, PageID ##392, 401, 406, 441, 442, 449, 451, 455, 459, 464, 466–71, 472–75, 479, 480, 482, 487, 496, 501–02. Between November 24, 2021 and October 17, 2022, the County's counsel consistently represented that it would produce the videos. ECF No. 31-1, PageID ##656–57, ¶¶ 4–6, 10; Page ID #659, ¶¶ 19–20, 24. After 11 months of counsel's representations that the County would complete the video production, the County's counsel advised for the first time on October 17, 2022 that it would not produce videos. ECF No. 31-1, PageID #661, ¶ 30.

The County never produced *a single responsive video* until after the Court ordered it to do so. ECF No. 21-2, PageID #382, ¶ 50. The County's refusal to produce

any videos under its discovery obligations—even though at least 36 of the 60 incidents at issue were not implicated by the County's relevance objections—demonstrates its improper, bad-faith purpose to withhold discoverable evidence and cause delays. ECF No. 31, PageID #650, n.1; ECF No. 31-1, PageID ##663–64, ¶ 45.

To the extent that the County withheld discovery based on a proportionality objection that it failed to make with specificity, failed to brief in support of its motion to bifurcate, failed to brief in response to Plaintiff's motion to compel, and for which it otherwise failed to present supporting evidence, the County further acted for bad-faith, improper purposes. *See* ECF No. 45, PageID ##1090–92. The County had more than 13 months to submit evidence regarding disproportionality and was expressly ordered to do so, but it elected not to do so. A party's refusal to justify an objection and decision to withhold discovery based on this unsupported objection shows that the objection was lodged in violation of Rule 26(g)(1)(B)(ii) and is sanctionable under Rule 26(g)(3). *See also* Civil Standing Order, § 6(F).

### B. The County should be sanctioned for failing to comply with four of the Court's orders.

The County has failed to comply with all of the following orders, meriting sanctions under Rule 26(g)(3), the Court's inherent authority, or Rule 37(b): (1) The Court's November 15, 2022 order (ECF No. 20), which ordered the County to produce all video for 14 specified incidents by November 16, 2022; (2) The Court's December 7, 2022 order (ECF No. 23), which ordered the County to provide a verified response to Plaintiff's December 7 interrogatory by December 9, 2022; (3) The Court's December 28, 2022 order (ECF No. 29), which ordered the County to produce all

videos and incident reports without confidentiality designations for 60 incidents; and (4) The Court's March 13, 2023 order (ECF No. 46), which ordered the County to comply with its December 28, 2022 order (ECF No. 29) by March 15, 2023. The County's actions evidence a willful disregard of the Court's orders and bad-faith refusal to honor its discovery obligations meriting sanctions.

### 1. Defendant Cuyahoga County violated the Court's November 15, 2022 order (ECF No. 20).

The Court held a status conference on November 14, 2022, during which it ordered the County to produce all videos for the 14 incidents its counsel believed were responsive to Plaintiff's discovery requests by November 16. ECF No. 20. This order was memorialized in the minute order dated November 15, 2022. *Id.* After viewing the videos produced, on November 29, Plaintiff's counsel asked the County's counsel whether the County had produced all existing videos for the incidents. ECF No. 31-1, PageID #668. Despite multiple follow-up attempts and conferral fully articulating the reasons production appeared incomplete, the County refused to say whether it had produced all videos. *Id.*, PageID ##669, 674, 678, 671.

At the status conference to address this dispute held December 7, 2022, the County's counsel advised the Court that it had "complied with the Order [of November 15, ECF No. 20] and produced the videos at issue that are in the County's possession." ECF No. 23. But two days later, on December 9, the County produced additional videos for the incidents that were the subject of the November 15 Order. ECF No. 28-3, PageID #603. The County thus failed to produce all videos subject to

the November 15 order by November 16, 2022, as required by ECF No. 20, and it has never explained the reasons for this noncompliance. *See* ECF No. 28.

### 2. Defendant Cuyahoga County violated the Court's December 7, 2022 order (ECF No. 23).

The Court's order of December 7, 2022 required the County to provide a verified response to Plaintiff's interrogatory confirming that the County produced all videos in its possession for the 15 incidents at issue by December 9, 2022. ECF No. 23. The County refused to comply with this order. On December 9, the County's counsel provided an *unverified* answer contending that the November 16 production "consists of all available video" for the incidents while simultaneously disproving this contention by producing two additional responsive videos. ECF No. 28-2, PageID ##601–03.

The County's December 9, 2022 answer to the interrogatory was not only unverified, it was unresponsive because it inserted the qualifier "available" instead of confirming that it had produced all existing surveillance and body-worn video. After Plaintiff's counsel initiated a telephone conference and explained the need for a verified, responsive answer, the County served "supplemental objections and responses" (this time, verified by an unidentified person with an illegible signature) that still referred to "available" video without explanation and were thus unresponsive. ECF No. 28-4, PageID ##604–07. Despite additional attempts to secure a responsive answer from the County, it did not provide the answer on whether its production was complete until after Plaintiff filed the Notice of Noncompliance, ECF No. 28; Ex. 1, Dec. of J. Savoie, ¶¶ 1–3.

But that answer was incorrect. The County's noncompliance with the November 15 and December 7 orders was evident from its subsequent video productions for the incidents subject to these orders. The County's December 14, 2022 second supplemental response stated that it had produced all existing videos for the incidents involving Molly Beckman, Anthony Flowers, and Joe Hill. Yet the County produced 3 additional videos of the Beckman incident on or after December 9, 2022; 10 additional videos of the Flowers incident on or after February 7; and 1 additional video of the Hill incident on March 15. Ex. 1, ¶ 8; Ex. 2, Dec. of K. Wolfe, ¶¶ 6–8.

### 3. The County violated the Court's December 28, 2022 order (ECF No. 29) by making an incomplete production that retained confidentiality designations on March 15, 2022.

The Court's December 28, 2022 order granting the motion to compel unambiguously ordered the County to re-produce the incident reports without confidentiality designations and with appropriate redactions for "sensitive medical information." ECF No. 29, PageID ##609, 626–29. The Court's order was clear: "To the extent the County's concern with production involves 'sensitive medical information' (ECF PageID #571), it may redact that information or remove the person's name so long as it uses another unique identifier in its place…[T]he protective order does not permit marking these responsive documents as confidential." ECF No. 29, PageID #627. No reasonable attorney would construe the Order as permitting the County to retain confidentiality designations.

Yet the County openly defied the Order, as set forth in Janeane Cappara's March 15 letter: "Please note that a limited number of certain documents (and corresponding videos) retain the 'CONFIDENTIAL–SUBJECT TO PROTECTIVE

ORDER' designation because these records contain confidential and sensitive medical and psychiatric information…" Ex. 1, ¶¶ 9–10; Ex. 1-D. A review of the County's March 15 production shows that the re-produced reports retained confidentiality designations for 99 pages—representing 99 separate decisions to affirmatively defy the Court's December 28, 2022 order. Ex. 1, ¶ 12.

The County's incomplete March 15 production further violated the Court's order because it failed to re-produce incident reports without confidentiality designations for the incident reports numbered CC000955–1877 and CC007033–488. Ex. 1, ¶ 13. Together with the 99 pages referenced above, the County had failed to remove the confidentiality designations for 1,477 pages of incident reports as of the March 15 deadline for compliance with the Court's December 28, 2022 order.

Similarly, the County violated the Court's order by including videos marked confidential instead of following the Court's order to "redact the videos to obscure the inmates' faces and conceal their identities if necessary and appropriate." Ex. 1, ¶ 9; Ex. 1-D; ECF No. 29, PageID #628.

### 4. The County violated the Court's March 13, 2023 order (ECF No. 46) by failing to complete production by March 15, 2023.

After receiving the March 15, 2023 County production that failed to comply with the Court's underlying order (ECF No. 29), Plaintiff's counsel asked the County on March 16 to comply. Ex. 1, ¶ 14, Ex. 1-E. Only after this prompting did the County produce the 1,477 pages incident reports and videos with redactions instead of confidentiality designations on the evening of March 17, two days late under the agreed order. Ex. 1, ¶¶ 15–19; Exs. 1-F–1-H. The County's March 17, 2023

productions included 40 videos that should have been previously produced without confidentiality designations by March 15, demonstrating the County's further noncompliance with the March 13 order. Ex. 2, ¶ 4. Based on the County's prior communications, its noncompliance continues as of the date of this filing because it has not produced three videos it identified as requiring redactions. Ex. 2, ¶ 5.

Thus, Defendant Cuyahoga County's notice of purported compliance with the Court's orders (ECF No. 51) is demonstrably counterfactual. As set forth above, the County willfully and intentionally violated four Court orders regarding discovery it has resisted providing for more than a year. This extreme and contumacious behavior implicates the types of sanctions authorized by Fed. R. Civ. P. 37(b): "Every violation of the Rules has consequences; the question is who will bear them. Too often the consequences are borne only by the innocent party, who must live with the violation ... or else pay to brief and argue a motion to compel the offending party to do what the Rules required it to do all along." *Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (quotation omitted) (ellipsis in original) (affirming dismissal as sanction for failure to comply with discovery orders); *Laukus*, 292 F.R.D. at 501 (imposing sanctions for failure to obey pretrial orders); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731 (6th Cir. 2008) (affirming dismissal as Rule 37(b) sanction for refusing to comply with discovery orders); *Bass v. Jostens*, 71 F.3d 237, 243 (6th Cir. 1995) (affirming dismissal under Rule 37(b) as sanction for "continuing pattern of noncompliance with discovery"); *Bratka v. Anheuser-Busch Co., Inc.*, 164

F.R.D. 448 (S.D. Ohio 1995) (granting plaintiff default judgment against employer for failure to comply with production request following court order).

Given the County's bad-faith conduct and ongoing noncompliance—as well as what these actions portend for further discovery dictated by the stringent requirements of *Monell*—the Court should sanction the County under Rule 26(g) and/or its inherent authority (or Rules 16(f) or 37(b)) to penalize the County and deter it from further misconduct.

## CONCLUSION

Plaintiff Deonte James respectfully asks this Court to impose sanctions it deems appropriate against David Lambert and Defendant Cuyahoga County under Fed. R. Civ. P. 11, Fed. R. Civ. P. 26(g), its inherent authority, or any other legal authority.

Respectfully submitted,

*/s/Ashlie Case Sletvold*
Ashlie Case Sletvold (0079477)
Jessica S. Savoie (0099330)
**PEIFFER, WOLF, CARR, KANE
 CONWAY & WISE, LLP**
6370 SOM Center Road, Suite 108
Cleveland, Ohio 44139
(216) 589-9280
asletvold@peifferwolf.com
jsavoie@peifferwolf.com

*Counsel for Plaintiff Deonte James*