# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEONTE JAMES, | ) Case No. 1:21-cv-01958 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| | ) Jonathan D. Greenberg |
| CUYAHOGA COUNTY, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On December 28, 2022, the Court granted Plaintiff's motion to compel certain discovery from Cuyahoga County after the parties reached impasse and exhausted multiple informal efforts to resolve their dispute.  (ECF No. 29.)  In its Order, the Court compelled the County to produce "all video footage from the 60 priority incidents Plaintiff identified" and "to remove confidentiality designations from the incident reports and videos" the County had already produced.  (*Id.*, PageID #625.)

After supplemental briefing on whether an exception to the mandatory award of reasonable expenses under Rule 37(a)(5)(A) applies (ECF No. 30; ECF No. 31), the Court heard oral arguments on that question on April 6, 2023 and took the matter under advisement (ECF No. 56).  For reasons that follow, the Court finds that no exception to the mandatory award of costs and attorneys' fees applies and **AWARDS** Plaintiff his reasonable expenses, including attorneys' fees, incurred in making the motion to compel discovery.

## ANALYSIS

When granting a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless one of three exceptions applies:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The County argues that each exception applies. The Court addresses them in turn.

### I. Good-Faith Efforts to Obtain the Discovery Without a Motion

The County argues that Plaintiff failed to make good-faith efforts to obtain the discovery at issue and to resolve the dispute without involving the Court. (ECF No. 30, PageID #639.) The record demonstrates that this argument has no merit.

#### I.A. Good-Faith Efforts

Plaintiff worked diligently—and aggressively—for months to obtain videos of use-of-force incidents and production of public records without confidentiality designations under the agreed protective order. The record contains extensive discovery communications between counsel (*see, e.g.*, ECF No. 21-2, PageID #383–501) and summaries of their respective positions (*see, e.g.*, ECF No. 31-1, PageID #656–64). Rather than recount those efforts in detail here, the Court

highlights two examples that demonstrate Plaintiff's good-faith efforts. First, although Plaintiff's counsel insisted on obtaining discovery, the record also shows that they were flexible and willing to compromise. The County was not. For example, in February 2022, when the County explained that some requested material contained confidential medical and personal information requiring redaction, Plaintiff's counsel accepted that explanation and changed their positions. (ECF No. 21-2, PageID #432.) Second, throughout 2022, Plaintiff's counsel actively attempted to resolve the dispute without a motion during status conferences and informal efforts under Local Rule 37.1 and the Court's Civil Standing Order. (Minutes, June 6, 2022; ECF No. 18; ECF No. 20.) In short, the record shows that Plaintiff's attorneys made sustained efforts over time to obtain the discovery at issue without involving the Court and short of motion practice. (*See, e.g.*, ECF No. 21-2, PageID #441, #449, #451 & #455.)

Against the overwhelming record to the contrary, the County asserts that, rather than "engage in a substantive conversation about the merits" of its objections, Plaintiff took a "hard-lined approach that the County waived its objections." (ECF No. 30, PageID #641.) In making this argument, the County cites no particular exchange with Plaintiff's counsel. Indeed, the discovery record lacks any support for this position and shows precisely the opposite. Contrary to the County's position, waiver did not constitute "Plaintiff's sole basis for" moving to compel. (ECF No. 30, PageID #641.) To the contrary, in his motion to compel, Plaintiff addressed waiver, relevancy, and proportionality. (ECF No. 21-1, PageID #366–67, #368–70 &

#371–74.) In short, Plaintiff's efforts to obtain the discovery at issue without court action easily exceed the good-faith standard of Rule 37(a)(5)(A)(i).

### I.B. The Court's Civil Standing Order

The County argues that an award of costs and fees is unwarranted because the Court departed from the procedure to resolve discovery disputes outlined in its Civil Standing Order, which borrows from Local Rule 37.1 for informal resolution of discovery disputes without motion practice. Specifically, the County argues that addressing the parties' discovery dispute through letter briefing would have obviated the need for a motion to compel. (ECF No. 30, PageID #640.)

In the event that the meet-and-confer process and a telephone conference with the Court do not resolve a discovery dispute, the Civil Standing Order provides that, before formal motion practice, "the Court will direct the parties to submit their respective positions, generally in letter format not to exceed two (2) pages, to the Court in an effort to resolve the dispute without briefing." Here, the Court exercised its discretion to forgo this step after determining it would be futile. After months of status conferences discussing the discovery in dispute, commitments from counsel for the County to produce materials that it failed to turn over, and orders to take certain actions in discovery honored in the breach, the Court sufficiently understood the parties' positions and found that the additional delay and expense of yet another informal step would not facilitate compromise or resolution of the dispute.

On this record, the County's argument fails for at least three reasons. First, at no time—not in any status conference and not after the status conference on November 15, 2022 at which the Court declared an impasse and directed Plaintiff to

file a motion to compel—did the County ask to submit letter briefs. Second, based on the facts and circumstances of each particular dispute, the Civil Standing Order reserves discretion to the Court to resolve discovery disputes as appropriate. Indeed, the text of the Civil Standing Order leaves discretion for the Court to dictate how to proceed by using the word "generally." Although the County tries to make letter briefs a necessary step, they are not a mandatory precursor to a motion under the Court's Civil Standing Order. Third, the County argues that letter briefs would have "alerted" it that "the Court would sua sponte look at issues that were not briefed." (ECF No. 30, PageID #640.) But as explained elsewhere, Plaintiff did not rely solely on waiver in seeking to compel discovery.

At bottom, the County's professed unwillingness to produce the materials at issue without an order and its conduct in discovery belie any suggestion that it would have produced the discovery at issue had only it been afforded one more opportunity to do so. If anything, the Court's direction for Plaintiff to file a motion to compel should have prompted at least further dialogue, if not final resolution of the dispute without briefing or a ruling from the Court. Instead, the County doubled down. Forgoing a futile and unnecessary round of letter briefs served to mitigate each party's "reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A).

## II.   Substantial Justification

The County argues that an award of fees and costs is not warranted because the Court made no finding that the County's arguments were improper, made in bad faith, or prejudiced Plaintiff. (ECF No. 30, PageID #637 & #642.) This is not the

5

standard under Rule 37(a)(5), which requires that a party's objection to the discovery sought be substantially justified. "Substantially justified" means raising an issue about which "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).[1] This inquiry focuses on the producing party's substantive bases for resisting discovery rather than the outcome of its objections. *Neumont v. Monroe Cnty.*, 225 F.R.D. 266, 268 (S.D. Fla. 2004).

**II.A. Substantive Bases**

On the record presented, the County cannot carry its burden of showing substantial justification because it asserted only conclusory bases for resisting the requested discovery. Its argument boils down to proportionality and relevance. Nowhere in the discovery record, however, did the County substantiate these objections before Plaintiff's motion to compel. It merely asserted that the discovery Plaintiff sought was not proportional or relevant. (ECF No. 21-2, PageID #394–99; ECF No. 29, PageID #614.) But the Rules require objections "with specificity," Fed. R. Civ. P. 34(b)(2)(B), to notify the requesting party why the producing party believes

---

[1] Based on *Doe*, Cuyahoga County argues that bad faith, prejudice, and notice do not support an award of fees and costs. According to *Doe*, those considerations constitute three of the four factors used "to determine whether a district court's decision to impose sanctions under Rule 37 amounts to an abuse of discretion." 407 F.3d at 765–66 (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). But those factors relate to sanctions under Rule 37(b), not an award of reasonable expenses under Rule 37(a)(5). *See Freeland*, 103 F.3d at 1277.

6

the requests exceed the bounds of proportionality and relevance so that the requesting party might narrow his request or meaningfully respond to the objection.

Not until briefing on the motion to compel did the County provide any detail that might support a proportionality argument. By then, however, it was too late. On its face, Rule 37(a)(5)(A) mandates an award of reasonable expenses even if the "requested discovery is provided *after* the motion was filed." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Accordingly, the relevant timeframe for substantial justification pre-dates a motion. As for relevance, the County repeatedly insists that Plaintiff sought discovery of inadmissible evidence. (ECF No. 30, PageID #637; *see also id.*, PageID #636 & #639.) But Rule 26(b)(1) expressly provides that information "need not be admissible in evidence to be discoverable." Because the County failed to support its objections with specificity before the motion, it did not have a substantial justification for its objections to the discovery at issue.

Nor could reasonable people agree that withholding the discovery at issue was appropriate. Videos are a natural way for Plaintiff to show "prior examples of wrongdoing" that "violate the same constitutional rights and violate them in the same way" that he asserts the County has violated his own rights. *Berry v. Delaware Cnty. Sheriff's Off.*, 796 F. App'x 857, 863 (6th Cir. 2019). Notwithstanding the fact that the County reargues the merits of the motion to compel by contending that the discovery at issue involved "unrelated factual scenarios" (ECF No. 30, PageID #632–33 & #633–34), the Court previously determined that the videos Plaintiff

7

sought had a tendency to prove (or disprove) his *Monell* claim (ECF No. 29, PageID #623–25; *see also* ECF No. 31, PageID #647–50).

Accordingly, the videos corresponding to sixty use-of-force incidents—a number that was the product of negotiation and compromise from a subset of roughly 450 reports within two years of the incidents involving Mr. James—have relevance within the meaning of Rule 26. (ECF No. 21-2, PageID #470–71.) Initially, the County offered to produce these sixty videos. (*Id.*, PageID #464.) Then, it slow walked the production for several months and in October 2022 notified Plaintiff's counsel that it would not produce the videos "based on its objections regarding relevance and proportionality and a forthcoming motion to bifurcate." (ECF No. 31-1, PageID #661.) In response, Plaintiff "explained multiple times" that he needs "these videos to prove his *Monell* claims" and repeatedly asked the County to "explain [its] position." (ECF No. 21-2, PageID #474 & #501.) Although the County maintains that *Monell* discovery in this case "should be limited or not had" (ECF No. 30, PageID #642), the County failed to explain its position, even when the Court requested information to support the County's motion to bifurcate discovery (ECF No. 17; ECF No. 18). Instead, the County simply withdrew the motion. Similarly, it offered no response to Plaintiff's request for production of public records without redactions pursuant to the protective order to which the County agreed.

### II.B. Additional Arguments

The County's remaining arguments have no merit and do not provide substantial justification under Rule 37(a)(5)(A)(ii). The County argues that it "was never 'warned'" that its objections could lead to "sanctions." (ECF No. 30,

PageID #642.) Aside from the fact that Rule 37(a)(5)(A) provides a basis to award "reasonable expenses," not sanctions, the Rule itself provides notice. If the County required any further warning, it had one on this record—at the very latest when the Court declared an impasse and authorized a motion to compel.

The County also asserts that it had substantial justification based on the fact that Plaintiff principally argued that the County waived its objections. But the record as a whole, which appears to include most, if not all, of the written correspondence between the parties, shows that Plaintiff did not rely on that argument in negotiations with the County. Further, it establishes that the County did not make any specific objection to the production at issue—though it did object to Plaintiff's position that the videos should not be marked as confidential under the protective order. These additional arguments fail to offer substantial justification for opposing the discovery at issue. On this record, a contrary determination would result in the substantial justification exception swallowing the rule providing for a presumptively mandatory award of reasonable expenses. A party "need[s] to provide some other detail explaining the substantial justification other than noting that [it] disputed the relevance of the documents." *ML Fashion, LLC v. Nobelle GW, LLC*, No. 3:21-CV-499(JCH), 2022 WL 19406176, at *3 (D. Conn. July 22, 2022).

*       *       *

At bottom, the County's resistance to the discovery at issue was not substantially justified. The record does not show good-faith efforts on the part of the County to identify and produce documents or other potentially relevant materials in discovery. Instead, it shows and the Court finds that at nearly every turn the County

9

put up roadblocks, dragged its feet, hid the ball, and otherwise withheld discovery for improper purposes. In short, the County's discovery conduct delayed this litigation and increased the parties' costs without substantial justification.

### III. Other Circumstances

According to the County, the imposition of costs and fees works a "harsh result." (ECF No. 30, PageID #642.) In its view, the County raised "legitimate issues regarding the relevancy and undue burden of Plaintiff's discovery requests." (*Id.*) For the reasons already explained, these objections did not substantially justify resisting the discovery sought. Nor do they constitute a circumstance otherwise excusing a mandatory award of fees and costs under Rule 37(a)(5)(A).

The County argues that an award of fees would be unjust because it is a public body and would have to pay such an award using taxpayer dollars. (*Id.*, PageID #637.) But Rule 37(a)(5) contains no exception for a political subdivision or other public-sector litigant. Stewardship for public dollars falls to the County, its officials, and its lawyers, and the County does not enjoy a special exception or immunity under Rule 37(a)(5). It is subject to the same discovery rules as other litigants, and its status as a public party does not constitute a circumstance making an award of reasonable expenses unjust.

At the hearing on April 6, 2023, the County raised a new argument. An award of reasonable expenses would be unjust, the County contends, because it has now incurred significant costs through its compliance with the Court's order compelling discovery. The time to avoid those costs has long since passed. The County had every opportunity to negotiate with Plaintiff, to narrow the scope of discovery, to make its

10

case why the discovery sought was not relevant or proportional to the needs of the case, and to work informally to discharge its discovery obligations without undue burden or cost. The County even had the chance to bifurcate *Monell* discovery but decided to withdraw that motion. (ECF No. 19.) Having chosen its discovery strategy, the County cannot be heard to complain now. It has no one to blame for its predicament but itself.

## CALCULATION OF REASONABLE EXPENSES

To avoid further delay of this litigation, Plaintiff expressed a preference for deferring the calculation of any award of fees and costs until the close of discovery. In the Court's view, determining the reasonable expenses incurred in making the motion to compel need not—and will not—interfere with discovery or delay these proceedings. Accordingly, the Court **ORDERS** Plaintiff to file the materials supporting the reasonable expenses incurred in making the motion, including attorneys' fees, with proper lodestar documentation no later than **May 17, 2023**. If Plaintiff believes that proper lodestar documentation requires *in camera* review, then he may file a version of that information on the public docket with limited redactions pursuant to Local Rule 5.2 and this Order and submit an unredacted version to chambers. The public version of that information must provide adequate information and notice to allow the County to determine the propriety of the lodestar claimed. If it fails to do so, the Court will *sua sponte* unseal some or all of the redactions to provide that information and notice. By **May 31, 2023**, the County may oppose or respond to Plaintiff's claimed lodestar.

## CONCLUSION

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Indeed, the most recent amendments to the discovery rules "marked an intentional break from the discovery gamesmanship of the past and called on attorneys—as well as the federal courts—to adopt a more cooperative, transparent, and pragmatic approach." *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020). That is why the Court employs a hands-on approach to case management and works to head off disputes like the one necessitating Plaintiff's motion to compel. Rule 37 provides an additional backstop to police the discovery process and incentivize the exchange of information, negotiation, and compromise. Where, as here, that process breaks down to the point where a court must order discovery, Rule 37(a)(5) mandates an award of reasonable expenses incurred to make a motion required to secure the discovery to which the movant is entitled, unless the producing party's non-disclosure was substantially justified or another exception applies. For all the foregoing reasons, the Court finds that no exception applies here.

**SO ORDERED.**

Dated: May 2, 2023

*/s/ J. Philip Calabrese*
_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio